| 59 | 435 |
| 85 | 518 |

---

## Dallas & Wichita R. R. Co. v. Hannah T. Spiker.

(Case No. 4706.)

1. DAMAGES — STATUTE CONSTRUED. — The statute permits an action for damages, on account of injuries causing death of a person, to be brought for the use of the surviving husband, wife, children and parents of the deceased, and provides that the amount of damages recovered shall be apportioned to those entitled in such manner as the jury may direct. R. S., 2903–2909. *Held,*

(1) Such an action, brought for the benefit of the wife, when the petition shows that the mother survives, cannot be maintained, if the exception based on account of the absence of necessary parties be made in time, when the mother's interest

in the damages has not been adjusted; nor is it any answer to the exception to say that the mother's claim is barred by limitation.

(2) If in any manner the mother of the deceased had settled her claim for damages, that should have been shown, and the judgment could then stand.

(3) Railway Co. v. Moore, 49 Tex., 46, and Railway Co. v. Le Gierse, 51 Tex., 198, followed, and this case distinguished from March v. Walker, 48 Tex., 373.

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldredge.

This suit was brought by appellee to recover damages alleged to have been sustained by the death of her husband, which was caused by a defective bridge of the railway company. The petition disclosed that the mother of the deceased was living, and that he left neither children or father. No exception was taken below in any form for want of proper parties.

*Wellborn, Leake & Henry*, for appellant, cited R. S., arts. 2903–2909; 48 Tex., 376; 49 Tex., 31; 51 Tex., 199.

*R. E. Cowark* and *Sawnie Robertson*, for appellee, cited Gaston & Thomas v. Dashiell, 55 Tex., 520.

STAYTON, ASSOCIATE JUSTICE.— The petition shows that the plaintiff is not the sole beneficiary entitled to share in the damages to be recovered for the injuries which are alleged to have resulted from the death of her husband; and it expressly alleges the existence, name and residence of the mother of her deceased husband, and does not profess to prosecute the action for the benefit of the mother as well as for herself.

It may be that under the averments of the petition (no objection to the petition having been made in this regard) she could have done so; but the record shows that the plaintiff introduced no evidence which would have enabled the jury to properly apportion the damage to be recovered between the mother and herself, and the charge of the court expressly directed the jury to consider the matter and amount of damage done to the plaintiff alone. In accordance with the charge the jury found damage in favor of the plaintiff alone.

If the suit had been prosecuted for the benefit of the mother as well as the plaintiff, and evidence had been introduced to show what damages had resulted to the respective beneficiaries, and the jury

had found that the mother had suffered no damage, that would be conclusive of that question if the finding was justified by the evidence. That, however, is not this case. The whole record shows that the suit was prosecuted for the sole benefit of the appellee.

In Railway Co. v. Moore, 49 Tex., 46, it was said: "When the facts are sufficiently exhibited by the pleadings, but the judgment fails to divide the damages assessed by the jury among the parties as directed by the statute, it is error."

The case of Railway Co. v. Le Gierse, 51 Tex., 198, in the matter now under consideration, is almost identical with the present in pleadings and result, and the judgment therein was reversed, among other reasons, because of the non-joinder of other necessary parties, and the failure consequent thereon to apportion the damages among all entitled.

In the case of March v. Walker, 48 Tex., 373, all of the necessary parties plaintiff seem to have been before the court, but the verdict did not apportion the damages; but no exception was taken on that account by motion for new trial or otherwise in the court below, and the judgment was not reversed upon that ground, it being held that the objection could not be made for the first time in this court. In this case the matter was called to the attention of the court in the motion for new trial.

If in any manner the mother of the deceased had settled her claim for damages, that should have been shown, and the judgment could then stand. It is no answer to the objection taken to the verdict to say that there was no evidence showing what damage the mother had sustained, or that she had not sustained any. If the suit had been prosecuted in good faith, expressly for her benefit, she would probably have been bound by the result; but that was not done; nor is it any answer to the objection to say that the claim of the mother may be barred by limitation.

For the error indicated, the judgment must be reversed.

The other assignments of error have been examined and are not well grounded.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 11, 1883.]