Delivered February 24, 1891.

79   675
80   96
80   183

---

SOUTHERN PACIFIC RAILWAY COMPANY v. MIKE AYLWARD.

No. 3067.

1. **Reasonable Care — Charge Approved.** — See charge of court construed to mean taken together that the railway company was only responsible in case of its failure to use "reasonable care and diligence" in keeping the road in repair, and not that it was bound in every event for its being in safe condition.

2. **Risks Assumed by Railway Employe.**—The accepting of employment from a railway company, although an assumption of risks incident to the employment, does not absolve the railway company from liability to the employe for injury caused by the "want of reasonable care and diligence in keeping its track in good repair." If the general charge be applicable to the testimony the refusal of the court to instruct in terms

that "when plaintiff accepted employment as a section hand he assumed all risk incident to such employment" is not error.

3. **Duty of Employe, of Master.** — An employe of a railway company not required by his employment to ascertain the condition of the road, nor charged with the duty of inspection of it, may assume that the railway company would faithfully discharge its duty to cause the track to be inspected and to keep it in repair. His ignorance of defects in the track would not be negligence.

4. **Fellow Servant.**—A servant in employ of a railway company in going to his work upon a hand car was thrown from the car and injured. That the defective condition of the track may have been owing to want of care on part of employes charged with the duty of repairing the track does not require the application of the doctrine of *fellow servant,* so as to relieve the defendant from liability.

Appeal from Fort Bend. Tried below before Hon. W. H. Burkhart.

This was an action for personal injuries, the plaintiff claiming $1999.99. He was a section hand of the Southern Pacific Railway Company. As a section hand the plaintiff was riding upon a hand car going to his work; was thrown from it and injured. Defendant pleaded denial and contributory negligence. Verdict for $1000. Judgment upon verdict. The defendant appealed.

Other matters sufficiently appear in the opinion.

*Peareson & Ballowe,* for appellant.—1. Railroad companies are under obligations to their employes to use only ordinary care in maintaining their tracks in proper condition; and to say that they must use reasonable care and diligence to keep the track "in such condition as to prevent such injuries" imposes an improper burden, and in this case the charge to that effect misled the jury to defendant's prejudice. The charge also assumes as a fact that "such injuries" had been proved. Railway v. Lyde, 57 Texas, 505; Railway v. Oram, 49 Texas, 341.

2. One who accepts the employment of another assumes all ordinary risks incident to such employment and can not recover for injuries resulting therefrom. Railway v. Callbreath, 66 Texas, 526; Green v. Eddy and Cross, *ante,* 130.

3. It devolves on plaintiff in suits of this character to show not only negligence on the part of defendant but due care on his own part. Railway v. Crowder, 76 Texas, 499.

4. If the servant after having knowledge of the defective or dangerous track continues in the employment, then this danger becomes a risk common to the employment, and the servant could not recover for an injury resulting from such defect. Railway v. Myers, 55 Texas, 110; Railway v. Bradford, 66 Texas, 732; Pierce on Rys., p. 379, note 4.

5. The employer is bound to ordinary care only in furnishing to and maintaining for its employes safe machinery, appliances, track, etc. Railway v. Lyde, 57 Texas, 505; Railway v. Oram, 49 Texas, 341.

*Oscar D. Kirkland,* and *H. F. Ring,* for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages for a personal injury.

The injury was received while plaintiff was in the employ of the defendant railroad company as a laborer. He was going to his work, riding on a hand car on which he was sitting with his feet hanging over its side, when his foot came in contact with a bolt which had become loosened and was projecting some inches above the guard rail of the road over which he was passing and caused him to be violently thrown from the hand car, which passed over him.

The court gave the jury the following charge: "If in this case the defendant company used reasonable diligence in keeping its track in good repair, the plaintiff can not recover. If the plaintiff's injuries resulted from the want of reasonable diligence on the part of the defendant in keeping its track in safe condition, the plaintiff would be entitled to recover unless such injuries resulted from some negligence or carelessness on his own part. * * * The degree of care and diligence herein spoken of is such care and diligence as men of ordinary prudence would exercise under the circumstances. If the plaintiff was injured by a projecting bolt, and if he knew of such projecting bolt or by reason of his employment ought to have known it by exercise of reasonable diligence on his part, he can not recover. In order to enable the plaintiff to recover he must have been injured through some want of reasonable care and diligence on the part of the company in keeping its track in good repair and such condition as to prevent such injuries, and without negligence on his own part. * * * In order to entitle the plaintiff to recover the accident must have occurred in the manner complained of as well as through want of reasonable care and diligence on the part of the company."

It is insisted that the words "in such condition as to prevent such injuries" imposed an improper burden and misled the jury to the prejudice of the defendant.

We think that when the whole charge is considered the jury must have understood it to mean that the railway company was only responsible in case of its failure to use "reasonable care and diligence" in keeping the road in repair, and not that it was bound in every event for its being in a safe condition.

Appellant complains of the refusal of the court to charge the jury that "when plaintiff accepted employment as a section hand he assumed all risks ordinarily incident to such employment."

While the proposition contended for is correct and was not expressed in so many words by the charge given, we think it clear that the charge given was applicable to the evidence in this case and sufficiently protected the rights of the defendant, and we do not think that it could have been injured by the failure to give a charge in the form proposed.

The plaintiff had not by accepting employment from the defendant so

assumed risks incident to the employment as to absolve the defendant from liability to him for an injury caused by its " want of reasonable care and diligence in keeping its track in good repair."

The appellant also insists that the court erred in refusing at its request to charge that "if the plaintiff contributed to his injuries by not using such reasonable care as the occasion required, either by not using ordinary care to observe and avoid the danger or by voluntarily riding in a dangerous and unusual position, you will find for the defendant."

We do not find in the record any evidence tending to prove contributory negligence on the part of the plaintiff growing out of the place or manner in which he was sitting.

The charge refused suggests that diligence was required of the plaintiff to ascertain the condition of the road. He was not the servant of the defendant who was charged with the duty of inspecting the road, and not being, we think he had the right to assume that the defendant would faithfully discharge its duty to cause the road to be inspected and kept in repair.

If the condition of the road was the result of the negligence of the defendant, still if the plaintiff had knowledge of the defect and the danger and voluntarily encountered the danger, he was not entitled to a recovery. The charge of the court upon this issue was, to say the least, fully as favorable to the defendant as it could demand.

We do not think that the court erred in refusing to give a charge requested by the defendant, in effect excusing it from the consequences of its negligence in failing to keep its road bed in repair, if it was found that such failure was caused by an omission of a fellow servant of the plaintiff to discharge a duty.

The evidence with regard to the defendant's negligence was conflicting. We find no error in the rulings of the court, and it was the province of the jury to decide upon the conflicting evidence.

The judgment is affirmed.

*Affirmed.*

Delivered February 24, 1891.