Fort Worth & Denver City Railway Company v. M. A. Wilson.

No. 416.

1. Parties to Action for Negligently Causing Death—Release of Damages.—For decision of the Supreme Court in this case, on writ of error, to the effect that a release of damages by parties who should have been joined as plaintiffs can not be first shown in answer to a motion for a new trial, see Railway v. Wilson, 85 Texas, 516.

2. Expert Evidence — Condition of Railway Track.—In an action against a railway company, its section foreman and road master were properly permitted, over its objections, to testify that in their opinion its roadbed was not properly constructed at the point where the derailment and injury occurred, they testifying to having eighteen years experience in railroading, and stating the facts on which their opinion was based.

3. Notice to Railway Corporation—Section Foreman.—Knowledge on the part of the section foreman of a railway company of the defective condition of its roadbed, charges the company with notice of such condition.

4. Contributory Negligence — Concurrent Causes of Injury.— Where two causes, such as a heavy rainfall and an imperfect roadbed, contribute in causing injury to a railway employe, his knowledge of one of the causes only will not preclude him from recovering for the injury.

5. Same—Risks Assumed by Employe.—Train men have the right to. assume that an ordinarily safe track has been provided, and are held to assume only the dangers resulting from such defects therein as are actually known to them, and such as are so patent as to make it negligence on their part not to see them.

Appeal from Tarrant.   Tried below before Hon. R. E. Beckham.

*Stanley, Spoonts & Meek,* for appellant.— 1. Whether a railway was properly constructed, and the amount of rainfall that the drainage provided will carry off, are questions that involve the highest order of engineering skill, and should not be proved by the opinion of unprofessional witnesses; and a man who has no other qualifications as a railway man than being a section foreman, was not qualified to express an opinion as to the proper construction of a railway.  Hoyt v. Railway, 57 N. Y., 678.

2. The deceased, in entering the employment of the appellant railway company as fireman, assumed all risks ordinarily incident to such service, and the risks arising from defective track, washouts and the like, provided they were known to him, or provided he had equal opportunity with the master of discovering them; and if he knew of the rain and the severe storm prevailing, and of the damage liable to result therefrom, and remained in the employment of the appellant and was injured, plaintiff can not recover.   Railway v. Fowler, 56 Texas, 452; Wood on Mast. and Serv., secs. 328, 746, 335, 373, 376; Beach on Con. Neg., sec. 123; Pierce on Railways, 379; 2 Thomp. Neg., 1008.

*W. B. Ford* and *Leake, Shepard & Miller*, for appellee.—1. The court did not err in permitting the witness Dunbar to testify that the track at the place where the wreck occurred was not properly constructed, and that there should have been an opening at the place, etc., because the witness was an expert railroad man, and testified to a matter within his knowledge. Railway v. Thompson, 75 Texas, 501, 504.

2. The court did not err in permitting the plaintiff's witness, A. H. Andrews, to testify as to the condition of the track at the time of the accident, and to state that it had settled and partially given away at the same place about six weeks before the accident, and that this condition was caused by rain. This testimony was admissible, first, because it was direct proof of the knowledge of the defective condition of the track brought home to the company; second, the question being one of negligence as to the maintenance of the track, similar conditions before or after the accident could be proved in order to show probable negligence at the very time of inquiry. Railway v. De Milley, 60 Texas, 194; Railway v. Richardson, 91 U. S., 454; Railway v. Horst, 93 U. S., 297; Railway v. Platzer, 73 Texas, 117; Railway v. Donaldson, 73 Texas, 124; Railway v. Kutac, 76 Texas, 473, 478; Railway v. Noel, 72 Ind., 110; Loring v. Railway, 131 Mass., 469; Henry v. Railway, 50 Cal., 176; Longabough v. Railway, 9 Nev., 279; Stoher v. Railway, 31 Am. and Eng. Ry. Cases, 233.

HEAD, ASSOCIATE JUSTICE.—The verdict of the jury, which is supported by the evidence, establishes, that on July 15, 1888, James L. Wilson, a fireman on one of appellant's locomotives, was killed by reason of the track, on account of its defective construction, giving way and overturning the engine. It seems that the track where the accident occurred was a fill or dump about 10 feet high, thrown up across a ravine or basin between two hills, and was composed of loose sand, some of the witnesses styling it quicksand. On the night in question there was a very heavy rain, but not one that should be termed "unprecedented," and the water accumulated against the track to such an extent as to cause the dump, by reason of the material of which it was composed, to give way when the engine came on it.

One Dunbar was section foreman of appellant in charge of this part of its road, and his duties were to look to the track and keep it in proper condition; and about 11 o'clock on the night in question, anticipating the danger that would likely result on account of the heavy rain, he went to Tascosa, the nearest station, and notified the operator, who was also the station agent, of the danger, and requested him to stop the train. When the train arrived at Tascosa a telegram was handed to the train master, who was on board, and after reading it he went to the telegraphic instrument and was engaged in telegraphing (he being an operator) for

several minutes, and he then went to the cab where the engineer was and told him to proceed with caution, that heavy rains were reported ahead. Deceased was also in the cab with the engineer at the time, and could have heard what was said, but no one knows whether he in fact heard it or not. The train had proceeded only about eight or ten miles after this warning before the accident occurred. About six weeks prior to the accident the track at this same place had given way, and the road master knew of its defective condition. The evidence justifies the finding that the track at this place was in fact improperly constructed.

Deceased had been in the employ of appellant as fireman running over this track for about eight months, but no witness testifies that his attention had been called to its defective construction. The suit is prosecuted by appellee, M. A. Wilson, as surviving wife, for the benefit of herself and James L. Wilson, the minor son of deceased, and they recovered judgment for $8000, apportioned $5000 to appellee M. A. Wilson, and $3000 to the minor son. From this judgment this appeal is prosecuted.

On the trial it was developed that both the parents of the deceased were living, and appellant moved for a new trial because the suit was not also prosecuted for their benefit; and in answer to this motion appellee tendered to appellant a release to it, executed by said parents, of all claim for damages that they might have by reason of the killing of their said son, and upon the filing of this release the court refused to grant the motion for a new trial.

*Opinion.*—In the case of Railway v. Culberson, 68 Texas, 664, and Railway v. Spiker, 59 Texas, 435, it is held, that our statute giving a right of action for an injury resulting in death, contemplates that only one suit shall be brought, which shall be for the benefit of all parties entitled to recover; and when the suit is not prosecuted for the benefit of all of said parties, and this is developed during the trial, it is the duty of the court when requested in a motion for a new trial, to set aside the verdict. In the last case, however, it is said that, " If, in any manner, the mother of the deceased had settled her claim for damages, that should have been shown, and the judgment could then stand;" and in the same opinion it is held, that the fact that the claim of the mother is barred by limitation is not a good answer to the motion.

Since the decision of the Culberson case it has been definitely settled in this State, that the provision of our statute requiring all of the beneficiaries to be parties was enacted chiefly for the benefit of the defendant in such suit to protect it against the bringing of several suits arising out of the same transaction, and if it neglects to require this to be done, those who are not parties are not precluded by a judgment rendered in a case brought by the other beneficiaries. Nelson v. Railway, 78 Texas, 621; Railway v. Kutac, 72 Texas, 643.

It is also well settled, that notwithstanding the statute authorizes the suit for the benefit of certain named parties, yet each of such parties can only recover the damage that he has sustained individually by reason of such death.   Nelson v. Railway, supra; Railway v. Johnston, 78 Texas, 536; Railway v. Henry, 75 Texas, 220.

We are therefore of opinion, that inasmuch as appellees recovered only the amount of damage which the jury found that *they* had sustained, and the other beneficiaries have released appellant from all liability to them, the court below did not err in overruling appellant's motion for a new trial.   Appellant contends, that it was necessary that the release executed by the parents of the deceased should be supported by a consideration in order to make it binding upon them.   We are of opinion that this is correct; but we are also of opinion, that the fact that it was executed for the purpose and with the result of defeating appellant's motion for a new trial, is a sufficient consideration to support such release.   It will also be borne in mind that our statute provides that all contracts in writing import a consideration.   Rev. Stats., art. 4488; Newton v. Newton, 77 Texas, 508.

On the trial below, plaintiffs were permitted to prove by the witnesses Dunbar and Andrews, that the track at the place of the accident was not properly constructed; to which defendant objected upon the ground that these witnesses were not sufficiently qualified as experts.   These witnesses stated the facts upon which their opinions were based, and showed that they had had a number of years experience in railroading, and both of them had been entrusted by appellant with the duty which the law devolved upon *it* of keeping its track in proper condition.   We are, therefore, of the opinion, that this testimony was properly admitted under repeated decisions in this State.   Railway v. Thompson, 75 Texas, 501; Railway v. Jarrard, 65 Texas, 560; Railway v. Richards, 83 Texas, 203; Railway v. Klaus, 64 Texas, 293; Railway v. Johnston, 78 Texas, 536.

The witness Dunbar was also permitted to testify, that on the night of the accident he went to Tascosa and told defendant's telegraph operator that the track was washed out and that the water was running over it in places, and that the prospects were that he could not return on account of the water, and requested him to stop the train.   We are of opinion that this evidence was properly admitted.   The law imposed upon *appellant* the duty of looking after its track, and Dunbar was its agent, to whom it had confided the duty thus imposed upon it.   That notice to Dunbar would therefore be notice to appellant itself of any fact touching the condition of the track, the duty to look after which had been confided to him, we think there can be no question.   Railway v. Whitmore, 58 Texas, 276; Railway v. Dunham, 49 Texas, 181; Railway v. Farmer, 73 Texas, 85.

We are therefore of opinion, that this evidence at least shows that the company had notice of the defect prior to the accident through Dunbar himself; and even if it be conceded that the operator was not such an agent as authorized him to receive the notice in its behalf, it was properly admitted, and it is therefore not necessary for us to decide whether or not he was such an agent.

We are of opinion, that there was no error in the action of the court in permitting the witness Andrews to testify to the condition of the track at the place of the accident, some six weeks prior to that time. If this condition had in the meantime been changed, appellant could easily have shown it.

Appellant requested the court below to give the following charge: " You are charged, that if the deceased, J. L. Wilson, knew of the storm or rain that washed away the defendant's track at the time of the wreck, and had the opportunity to observe the degree of danger attending the firing of the train on the night of the wreck, the plaintiffs can not recover of the defendant."

We are of opinion that the court did not err in refusing to give this charge as requested. The fact that Wilson may have had notice of the rain would not charge him with contributory negligence, unless he also had notice of the condition of the track which the rain rendered dangerous. Railway v. Lempe, 59 Texas, 19. We are not prepared to hold, that every time it rains the employes in charge of a railway train must be expected to quit their posts and stop the train, or to be held to have assumed all injuries that may result, unless they also have notice of the defect which makes the rain dangerous. Where two causes combine in producing the injury, notice of one of them only will not preclude the servant. Railway v. Somers, 78 Texas, 439.

Nor do we believe the charge contains a strictly correct statement of the law in saying that, " if deceased had the opportunity to observe the degree of danger," he can not recover. This would have been misleading. The train men are not required to examine the track for defects, and are held to assume only the danger resulting from such as are actually known to them, and such as are so patent as to make it negligence on their part not to see them. They have the right to assume that the master has performed his duty in providing them with an ordinarily safe track. Railway v. Aylward, 79 Texas, 675; Railway v. Taylor, 79 Texas, 104; Railway v. McNamara, 59 Texas, 255. If the injury had been caused alone by the rain storm, the charge would have been proper. Railway v. Fowler, 56 Texas, 452.

We think the second special charge requested by appellant was sufficiently embraced in the charge given by the court, and there was, therefore, no error in refusing it.

We have examined carefully the several assignments of appellant to the several charges given by the court, and are of opinion that none of the specific objections made thereto in its propositions are well taken, and no useful purpose could be subserved by discussing them seriatim.

Let the judgment of the court below be in all things affirmed.

*Affirmed.*

Delivered January 10, 1893.

A motion for rehearing was refused.

[This case did not reach the Reporter with others of its date.]