OF

## THE STATE OF IOWA,

AT

## DES MOINES, JANUARY TERM, A. D. 1894,

AND IN THE FORTY-EIGHTH YEAR OF THE STATE.

---

LOUIS MILLER, Appellee, v. ILLINOIS CENTRAL RAILWAY
COMPANY, Appellant.

1. **Evidence**: ERROR CURED BY INSTRUCTIONS TO JURY. The admission
of immaterial evidence will be deemed without prejudice where,
under the instructions of the court, such evidence is excluded from
the consideration of the jury.

2. **Railroad**: DEFECTIVE APPLIANCES: INJURY TO EMPLOYEE: CUSTOM:
EVIDENCE. In an action by a brakeman to recover of a railroad com-
pany for injuries sustained through stepping upon a defective lid to the
manhole of the water tank on the tender of an engine, while passing
from the cab of the engine to the cars for the purpose of setting the
brakes, as his duties required, *held*, that proof of the custom of
brakemen, in going over the tender, to step on the lid of the manhole,
might be shown by the testimony of witnesses as to what they would
do under similar circumstances, and what was considered a safe
course to pursue.

(567)

3. ———: ———: ———: ———. It is not competent, in such case, for the plaintiff to show that another brakeman had previously stepped upon the lid to the manhole on the same engine, with similar results.

*Appeal from Dubuque District Court.*—HON. JOHN J. NEY, Judge.

TUESDAY, JANUARY 16, 1894.

THE plaintiff was a brakeman on one of the defendant's railroad trains. He claims damages for a personal injury which he alleges he received by falling into what is called a "manhole" on the top of the tender of an engine. His right to recover damages is based on the claim that the defendant and its agents and employees were negligent in not properly adjusting the cover of said manhole, and that the lid or covering thereof was constructed in an unsafe and defective manner, and that the rim or top of said manhole was bent and out of repair. The answer was a general denial, and an averment that the injury, if any, was caused by the want of care and caution of the plaintiff, which directly contributed to the result. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Boies, Couch & Boies* and *W. J. Knight,* for appellant.

*Powers, Lacy & Brown,* for appellee.

ROTHROCK, J.—It appears from the evidence that the plaintiff was what is known as "head brakeman" on a freight train of the defendant, and, just before he received the injury of which he complains, he was riding in the cab of the engine. No question is made as to that being the proper place for him to ride when not employed at the brakes. The alleged injury was received in the night, as the train approached a station

called "Delaware Center," on its trip westward from the city of Dubuque. The plaintiff left his place in the cab, and went out over the tender, to get on the top of the cars, to attend to his duties while the train was approaching the station. The manhole is an opening in the tank part of the tender, and near the back part of it, into which the water spouts, at water stations, are placed to receive water in the tank, to make steam for the engine. This opening or hole is in the center of the tank, that is, it is equidistant from the sides of the tank. In crossing over the center of the tender and tank, the plaintiff stepped on the lid over the manhole, and, when he placed his weight on the lid, it did not sustain him, but slipped away, and turned up, and his leg went down, and was injured. This is the substance of the plaintiff's claim, as detailed by him in his testimony as a witness on the trial.

We have thus briefly stated the grounds upon which recovery is sought. If the plaintiff was in the line of his duty in taking the direction he did to get on top of the train, and in stepping on the covering of the manhole, and was not negligent in failing to discover that it was defective or out of position, he was entitled to recover, if the manhole was improperly or negligently covered, either by reason of the lid being improperly placed over the manhole, or because of the manhole being improperly constructed, or out of repair and in an unsafe condition. It would appear from this statement that the issues in the case were plain and unambiguous, and a review of the questions involved upon an appeal ought not to be attended with difficulty. But a great many questions were raised during the trial. Many of these question will be disposed of in a general way, without special mention of them. Such as we think require particular consideration will be set out.

I.    There was evidence introduced by the plaintiff
to the effect that the manhole in question and cover
thereof were constructed in a different
manner from those on other engines.
This evidence was objected to by the
defendant, and complaint is made because the objec-
tion was overruled.    Whatever may be said of the
competency of this evidence, it was no prejudice,
because the court instructed the jury, as to the con-
struction of the engine, as follows:    "There is no con-
tention on the part of the plaintiff in this case that the
engine and tender are not of good make and approved
pattern, and evidence of these qualities was excluded
by the court when offered by the defendant."    And
the court further instructed the jury as follows:    "It
is contended by the plaintiff that the fireman on the
engine was negligent in not placing the covering back
on the manhole when he took water, or that the com-
pany was negligent in not keeping the rim of the man-
hole in proper condition to receive the top, and keep it
in place by means of arms or brackets that fitted inside
the rim of the manhole and kept the cap in place."
These instructions embraced all there was in the case
when it was submitted to the jury.    There was no
question as to the proper construction of the manhole
and the cover thereof.    It is true that there was evi-
dence to the effect that the lid of the manhole on some
engines was attached to the manhole by hinges, and in
some respects was different from others.    In view of
the fact that there was no real question that the engine
upon which the plaintiff received his injury was of
proper construction and approved pattern, evidence as
to the construction of other engines was wholly imma-
terial, and should not have been introduced; but, as it
was excluded by the instruction above set out, there
was no prejudice to the defendant in this respect.

II.    The plaintiff introduced a witness who testi-
fied that it was usual and customary for brakemen, in

1. EVIDENCE: er-
ror cured by
instructions to
jury.

2. RAILROAD: de-
fective appli-
ances: injury
to employee:
custom: evi-
dence.

going over the tender, to step on the lid of the manhole. We do not understand counsel to object to this line of evidence. It was surely proper for the plaintiff to show that he was in the line of his' duty when he received the injury, and that he pursued the course usually adopted by men in that employment under similar circumstances. *Jeffrey v. K. & D. M. Railway Co.*, 56 Iowa, 546; *Whitsett v. Chi., R. I. &. P. Railway Co.*, 67 Iowa, 150. The objection of the defendant is that the witness was allowed to state what he would do under the same circumstances, and what was considered a safe course to pursue. We need not set out the questions and answers to which objection is made. When the whole testimony of the witness is considered, the objections do not appear to be well taken. The questions and answers show that the witness did not give his own opinion of the proper course to pursue.

III. One Weald was called as a witness by the plaintiff. He testified that he was a freight brakeman,

3. ——: ——:
——: ——

and that he remembered engine number 365, and of going out with that engine drawing the train quite often, and he stated that it was not his custom to step on the lid of the manhole, and that he did not know what the custom was. It does not appear from the abstract that the witness was cross-examined at that time. His testimony in chief was favorable to the defendant. This witness was afterward recalled by the defendant for further cross-examination, and the cross-examination and re-examination were as follows:

"When on the stand, you said in reply to a question by the gentleman on the other side as to whether it is the custom to step on the lid or cover of the manhole. and then step on the next car, that that is not the way you did it? *A.* Well, I done it once, and it caved

in. I thought I had better quit. I did not make that a practice. I don't think it is the practice or custom to do that on the Illinois Central." "Do you know what the custom was on the Illinois Central Railroad as to the brakemen ·stepping on the lid of the tank? (Objected to, as not proper cross-examination, improper, and incompetent.) By counsel for defendant to the court: This is merely a question that we omitted to ask the witness when he was on the stand before. (Objection sustained, and defendant duly excepts.)" Redirect examination by the plaintiff: "You testified that you stepped on this lid, and it caved in. What engine was that you did that on? (Objected to, as improper and incompetent,—'We asked him generally, and not as to this ·particular engine;' also, as irrelevant and immaterial. Objection overruled, and the defendant duly excepts.) A. It was on engine number 365."

We think the court should have sustained the motion to strike out the testimony of the witness, and that it was error to allow it to go to the jury. Engine number 365 was the one on which the plaintiff received his injury, and if the plaintiff had, in the examination in chief, sought to prove that another person had ·stepped on this manhole, and found it deficiently covered, it would have been error to admit the evidence. *Hudson v. Chi. & N. W. Railway Co.*, 59 Iowa, 581; *Bell v. Chi. B. & Q. Railway Co.*, 64 Iowa, 321; *Phillips v. Town of Willow*, 34 N. W. Rep. (Wis.) 731. As we understand it, the evidence drawn out by the defendant was strictly in the line of proper cross-examination. The re-examination, it is true, was directed to the same subject-matter as the cross-examination. We discover no reason why the defendant should be required to remain silent during the redirect examination, and allow incompetent evidence to be introduced, because counsel did not move to

exclude the statement of the witness that he "done it once, and it caved in." It was the right of the defendant to have all the evidence of this witness in reference to the engine upon which the plaintiff sustained his injury withdrawn from the consideration of the jury.

IV. As the judgment must be reversed for the error last above considered, it is proper to say, in view of a new trial, that the failure of the fireman to notify the plaintiff that the lid of the manhole was in an unsafe and dangerous condition is not a ground of negligence averred in the petition, and that question should not have been submitted to the jury. We do not intend to hold, however, that, with proper averments, the knowledge of the fireman, and his failure to communicate any defects in the manhole to the plaintiff, may not be evidence of negligence. There are no other grounds of complaint on the part of the appellant which appear to us to demand consideration. REVERSED.