### C. R. CUMMINGS & CO. ET AL. v. H. MASTERSON ET AL.

Decided April 11, 1906.

**1.—Trespass—Parties—Cotenants—Judgment.**

While tenants in common must join in actions of trespass quare clausum fregit, yet the nonjoinder of a cotenant can, in general, only be taken advantage of by a plea in abatement, or by way of apportionment of the damages on the trial.

**2.—Same—Plea of Not Guilty—Effect of.**

In actions of trespass quare clausum fregit the plea of not guilty operates as a denial that the defendant committed the trespass alleged in the place mentioned, but not as a denial of the plaintiff's possession or right of possession of such place; this must be specially denied.

**3.—Wilful Trespass—Damages.**

The proposition that where a party innocently cuts timber from the land

of another he is accountable only for the value of the standing timber, has no application in a case such as this, where the defendant cut the timber, knowing that he had no right to do so, or where he ought to have known it.

**4.—Trespass—Innocent Purchaser—Measure of Damage.**

The owner of land from which timber has been cut and upon which timber labor has been bestowed, making it more valuable, can recover from an innocent purchaser of such timber its value in the condition it was when purchased from the trespasser.

**5.—Sequestration—Replevy Bond—Validity.**

Discrepancies in a replevy bond as to dates should be regarded as surplusage, not affecting its validity, when it appears upon its face that it was issued in the same case, describes the number and brand of the logs as in the writ of sequestration, recites their seizure by virtue of such writ, and is conditioned as required by statute. No question as to the validity of such bond having been raised in the trial court, it can not be raised for the first time on appeal.

**6.—Replevy Bond—Return of Property.**

The defendant who has replevied property in sequestration proceedings has the right to return the same to the sheriff, if not damaged or injured during the replevy, and receive credit therefor, and a judgment denying this right is erroneous.

**7.—Same—Judgment Reformed.**

Where the case was tried before the court without a jury, and there is evidence in the record sufficient to enable the Appellate Court to determine the value of the articles replevied, the judgment will be reformed by the Appellate Court so as to correct the errors.

**8.—Cost of Appeal—Modified Judgment.**

Where an error in a judgment has not been called to the attention of the trial court and no opportunity afforded said court to correct the same, the cost of the appeal will be adjudged against the appellant, although the Appellate Court reformed the judgment.

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Coleman & Abbott* and *Hutcheson, Campbell & Hutcheson,* for plaintiffs in error.—One cotenant, or joint owner, can not recover damages to joint property without joining his cotenant, or joint owner, in the suit. Wise v. Missouri Pac. Ry., 3 Texas Civ. App., 133; Missouri Pac. Ry. v. Howe, 4 Texas Ap. Civ., 297; May v. Slade, 24 Texas, 205; Lee v. Turner, 71 Texas, 264; Rowland v. Murphy, 66 Texas, 534; Galveston, H. & S. A. Ry. Co. v. Stockton, 38 S. W. Rep., 647; Houston & T. C. Ry. Co. v. Hollingsworth, 2 Texas Ap. Civ., p. 149; Gulf, C., etc., Ry. Co. v. Witt, 2 Texas Ap. Civ., p. 677.

The court erred in finding that plaintiff's measure of damages was the value of the timber at the mill, when in fact the damages to the plaintiff was the value of the logs in the tree on the land. Am. & Eng. Enc. of Law, vol. 28, "Trees and Timbers," 543, 546, and cases therein cited; United States v. Homestake Min. Co., 117 Fed., 481; Bond v. Griffin, 22 So. Rep., 187 (Miss.); Guarantee Trust & Safe Dep. Co. v. Drew Inv. Co., 31 So. Rep., 736 (La.); Wright v. Bolles Woodenware Co., 50 Wis., 167, 6 N. W., 508; Tuttle v. Wilson, 52 Wis., 643; Lake Shore Ry. Co. v. Hutchins, 32 O. St., 571.

The court erred in rendering judgment on the replevin bond for

$3,850.80 against C. R. Cummings & Co. and W. T. Torrey and F. A. Heitmann in default of a restoration of the logs to plaintiff prior to the decree, and in not providing that defendants might return the said logs to the sheriff within ten days after the date of the decree. Art. 4877, Sayles' Civil Statutes, 1897; Cook v. Halsell, 65 Texas, 1; Meyers v. Bloon, 50 S. W. Rep., 217; Herder v. Schwab Clothing Co., 37 S. W. Rep., 784; Avery v. Dickson, 49 S. W. Rep.; 662; Talcott v. Rose, 64 S. W. Rep., 1009.

*H. & A. R. Masterson,* for defendants in error.—The court did not err in finding that plaintiffs' measure of damages was the value of the timber at the mill instead of the value of the logs in the tree standing on the land; because, as to Towler, the evidence was abundant that he was a self-confessed guilty trespasser; and as to C. R. Cummings & Co. and C. R. Cummings individually, they were only charged the value of the logs they got, and not the value of lumber manufactured from plaintiffs' logs; these logs were still plaintiffs' property, unmingled with any increased value added by said Cummings or his said company. Missouri, K. & T. Ry. Co. v. Starr, 55 S. W. Rep., 393; Bolles Woodenware Co. v. United States, 106 U. S. Rep., 432.

The court did not err in rendering judgment against the defendants C. R. Cummings & Co. and W. T. Torrey and F. A. Heitmann for the sum of $3,850.50 on the replevin bond, because the same is not void, but is enforcible. The whereas, falsely stating that an affidavit was made on June 6, 1904, for sequestration, is surplusage. The bond designated the writ seizing the property, quoting from it, showing the seizure of 3,600 logs branded with letter "T's" stamped in the ends of said logs. This was the second writ issued June 6 and executed same day, and the obligation of the bond was to $8,000, conditioned: Will not destroy the present form of said property; will not remove the said property out of the limits of Harris County, pending the suit, and that they will have such property with the value of the fruits, hire and revenue thereof forthcoming, to abide the decision, or will pay the value of the fruits, hire, revenue of same, in case they shall be condemned so to do. Pait v. McCutchen, 43 Texas, 311.

The court had authority to render judgment against the principal and sureties on the replevin bond, without making findings as to the value of logs replevied, the said Cummings having converted the logs replevied. Avery v. Popper, 45 S. W. Rep., 951; Byrne v. Lynn, 44 S. W. Rep., 311; Herder v. Schwab Clothing Co., 37 S. W. Rep., 784.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the defendant in error, H. Masterson, in the form of an action of trespass to try title—plaintiffs' chain of title being specifically pleaded, against the defendants in error, William Rankin, I. R. McCasland, James A. Breeding, Edward M. Bond, and the unknown heirs of Edward M. Bond, and against C. R. Cummings & Co., a firm composed of C. R. Cummings and Emile Gardner and Jeremiah W. Towler, who are of the plaintiffs in error, the C. R. Cummings Lumber Company, Andrew J. Yates, and the unknown heirs of Andrew J. Yates, to recover 1,000 acres of land off the south end of the David Harris league, situated on San Jacinto

River, in Harris County, Texas, and also, as against C. R. Cummings & Co., and Jeremiah W. Towler, to recover the value of timber taken from said land and appropriated by them. A quantity of timber, so alleged taken and appropriated, was seized by the sheriff under a writ of sequestration issued at the instance of plaintiff which was replevied by said defendants. By an amended petition, these matters were averred, and judgment asked against them and the sureties on their replevy bonds for the value of the timber sequestrated.

The defendants, J. W. Towler, C. R. Cummings and Emile Gardner, composing the firm of C. R. Cummings & Co., answered by general demurrers and pleas of not guilty.

Edward M. Bond, by his attorney of record, and the unknown heirs of Edward M. Bond, by the attorney appointed by the court to represent them, after having been duly cited by publication, answered alleging facts which showed they had no title to the land, and disclaimed any title, claim or interest therein.

The defendants, James A. Breeding, William Rankin, I. R. McCasland and Walter Harris, each and all answered by disclaiming any interest in the land. It does not appear from the record that any answer was filed for Andrew J. Yates or for the unknown heirs of Andrew J. Yates.

The plaintiffs discontinued the case as to Walter Harris, the C. R. Cummings Lumber Company (the corporation sued by that name), Andrew J. Yates and the unknown heirs of Andrew J. Yates.

The case was tried by the court without a jury, who, after hearing the evidence, rendered judgment in favor of plaintiff, Masterson, against the defendants, Edward M. Bond, the unknown heirs of Edward M. Bond, William Rankin, I. R. McCasland, James R. Breeding, Jeremiah W. Towler and C. R. Cummings & Company, for title and possession of the one thousand acres of land sued for. Judgment was also rendered for plaintiff against Jeremiah W. Towler, the firm of C. R. Cummings & Company, and C. R. Cummings, as a member of said firm, jointly and severally for the sum of $8,250, the value of plaintiffs' timber cut and taken from said land and converted by said defendants. Of the timber, for the value of which this judgment was rendered, a portion was seized by writs of sequestration sued out by plaintiff and replevied by C. R. Cummings & Company, by filing a replevin bond with W. T. Torry and F. A. Heitmann, as sureties, conditioned as required by law, payable to plaintiffs in the sum of $8,000, which portion, so seized and replevied, the trial court found from the evidence was of the value of $3,850, and entered judgment on said replevy bond against C. R. Cummings & Company, as principals and W. T. Torry and F. A. Heitmann as sureties for such value, the judgment providing that when paid or collected it shall be credited on the judgment for $8,250, etc.

From the entire judgment the defendants J. W. Towler, C. R. Cummings & Company, C. R. Cummings and W. T. Torry and F. A. Heitmann, the sureties on said replevy bond, have sued out this writ of error.

*Conclusions of Fact.*—The evidence establishes that one David Harris obtained a grant from the Government of Mexico of a league of land, of which the premises in controversy are a part, as a colonist in Austin's

Colony, dated August 19, 1824, which is situated on the San Jacinto River in Harris County, Texas; that on May 9, 1825, David Harris conveyed the league to Frederick H. Rankin; that Frederick H. Rankin, on March 31, 1828, conveyed it to James E. B. Austin; and that the heirs of James E. B. Austin conveyed the 1,000 acre tract in controversy to the plaintiff H. Masterson, who is and was prior to the institution of this suit the owner thereof. No title whatever was shown in any of defendants.

The defendant Jeremiah W. Towler, who as a trespasser entered upon plaintiff's land in January, 1904, wrongfully cut a large number of pine trees and some cypress and ash which he sold and delivered to C. R. Cummings & Company, worth in the log $6.50 per thousand feet for pine and $12 per thousand feet for cypress and ash, for the sum of $8,250. Of the timber so unlawfully cut and taken from the land by Towler and received and appropriated by Cummings & Company, 3,600 logs, of the value of $1.69½ each, at date of judgment, and of the aggregate value of $3,850, were seized by the sheriff by virtue of a writ of sequestration issued in the case and were replevied by C. R. Cummings & Company, by giving bond for $8,000 in accordance with statute, with W. T. Torry and F. A. Heitmann as sureties, which were reasonably worth $3,850 at the time of trial. That when Cummings & Company received said timber and converted it to their use they knew or were charged with knowledge of the fact that it was wrongfully cut and taken by Towler from plaintiffs' land.

*Conclusions of Law.*—1. The first, second, third, fourth, fifth and sixth assignments of error are disposed of by our conclusions of fact, by which it appears that the plaintiff owns and holds the land in controversy under a regular chain of title from the sovereignty of the soil down to himself. Therefore, the two propositions asserted under these assignments, though abstract principles of law, are inapplicable to this case.

2. It is assumed by the seventh assignment of error that if plaintiff showed any title to the land in controversy, it was only to an undivided interest. This assumption is, then, made the basis for these propositions: 1. "Plaintiff can not recover for entire value of timber, unless he is the owner of the entire title to the land from which it is claimed the timber was cut." 2. "One cotenant, or joint owner, can not recover damages to joint property without joining his cotenants, or joint owner, in the suit." Our conclusions of fact show that there is no basis for the application of the principle enunciated by the propositions to rest upon in this case.

While it is the well-settled rule that tenants in common, must join in actions of *trespass quare clausum fregit,* yet it is equally well settled that the nonjoinder of a cotenant, can, in general, only be taken advantage of by a plea in abatement, or by way of apportionment of the damages, on the trial. (May v. Slade, 24 Texas, 205; Gulf, C. & S. F. Ry. v. Foster, 44 S. W. Rep., 200.) Besides, in *trespass quare clausum fregit* the plea of not guilty operates as a denial that the defendant committed the trespass alleged in the place mentioned, but not as a denial of the plaintiffs' possession or right of possession of the place, which if

intended to be denied must be traversed specially. (1 Chitty on Pl., 534.) The rule has been applied in this State in the cases of Carter v. Wallace, 2 Texas, 206; Sonnentheil v. Texas Guaranty & Trust Co., 10 Texas Civ. App., 279; Nafe v. Hudson, 19 Texas Civ. App., 382; Lemp Brewing Co. v. La Rose, 20 Texas Civ. App., 575; Paraffine Oil Co. v. Berry, recently decided by this court. This principle of pleading is a complete answer to the propositions under the assignment, even if it should appear that there was a cotenant with plaintiff. However, as is shown by our conclusions of fact, it does not appear that anyone else owns any interest in the land.

3. The ninth assignment of error complains that the trial court erred in finding that the defendants Jeremiah W. Towler, C. R. Cummings & Company and C. R. Cummings converted the timber and lumber cut off the land described in plaintiff's petition *ex delicto,* and in assessing damages upon that theory. There is not even a pretext for the contention that the evidence shows that the defendants acted in good faith, unless *good faith* can characterize a man's taking another's property and appropriating it to his own use and benefit, knowing it does not belong to him, without a semblance of right.

4. Even if the proposition, that "where a party innocently cuts and removes timber from the land of another, believing he has a right to do so, is only accountable for the value of the standing timber, and a purchaser in good faith of the timber so cut incurs no greater liability," which is advanced under the tenth assignment, should be regarded as sound in law, it has no application in this case, because the evidence shows beyond question that Towler knew he had no right to cut and remove plaintiffs' timber from his land, and that C. R. Cummings & Company knew, or ought to have known, he had no such right when they bought it from him. This also answers the second proposition urged under the assignment.

5. The eleventh assignment of error is as follows: "The judgment of the court is excessive and unsustained by the evidence—the undisputed evidence being that Cummings & Company only received 3,600 logs, 534,000 feet, and that they were only worth one dollar per thousand in the stump, and from four to six dollars and fifty cents per thousand at the mill." We can not perceive how the statement in regard to the "undisputed evidence," contained in the assignment, can be seriously made·in view of the evidence contained in the record, which is sufficient to warrant the conclusion that Towler cut and sold to Cummings & Company enough logs from plaintiff's land to amount to two million feet of lumber, of which the pine was worth $6.50 per thousand feet, and the cypress and ash worth $12 per thousand at the mill.

In the case of Missouri, K. & T. Ry. Co. v. Starr, 22 Texas Civ. App., 356, where timber was cut down by trespassers and made into cross-ties and hauled to the railroad, where they were purchased by the railway company in good faith, it was held, in a suit by the owner of the land from which the timber was cut, against the railway company, that the plaintiff could recover from the defendant company, though it was an innocent purchaser, the value of the timber in the condition it was when received from the trespassers. And in the case of Brown v Pope, 65 S. W. Rep., 43, which is a similar case, it was held that the measure of

damages in the case of the taking of timber by a trespasser is the value of the wood in its converted condition. The principle, that where the wrongdoer takes the property in one condition and bestowing labor upon it, puts it in a better condition, making it more valuable, the owner can recover its improved value, is illustrated in Sutherland on Damages, section 1126, by citing cases where "timber has been taken and converted into wood, wood into coal, logs into lumber; corn into whiskey, or the like."

6.   By the twelfth assignment of error it is contended that the replevy bond taken by the sheriff after the logs were seized by him under the writ of sequestration is void and will not support the judgment against C. R. Cummings & Company, as principals, W. T. Torry and F. A. Heitmann as sureties for $3,850.80.

There are certain discrepancies in the recitations in the bond as to dates, which, in view of the facts that it shows upon its face that it was issued in this case, describes the number and brand of the logs as in the writ of sequestration, recites their seizure by virtue of it, and is conditioned as is required by statute, should be regarded as surplusage, not affecting its validity. (Pait v. McCutchen, 43 Texas, 311.)   No question as to the validity of the bond was raised in the trial court, by motion to quash or in arrest of judgment and, it being sufficient to support the judgment of the court, its validity can not be further inquired into, when raised for the first time on appeal.

7.   By the thirteenth and fourteenth assignments of error, it is contended that the court erred in rendering judgment against the obligors on the replevy bond in default of their restoring the logs prior to the date of judgment, and in not finding the value of each log replevied, and in failing to provide in the judgment that defendants might return all or a part of the logs to the sheriff within ten days after date of judgment and receive a credit thereon of the value thereof. We believe these assignments are well taken. (Herder v. Schwab, 37 S. W. Rep., 784; Lawter v. Lindley, 81 S. W. Rep., 776; Martin v. Berry, 87 S. W. Rep., 712.)   However, as the case was tried before the court, and there is evidence in the record sufficient to enable us to determine the value at the time of the trial of each log replevied, as we have done in our finding of facts, the judgment can be reformed by us so as to free it from such error. We therefore will reform the judgment by providing that under it the defendants shall have the right, at any time within ten days from this date to deliver to the sheriff of Harris County the 3,600 logs, or any number thereof, described in said replevy bond, and that the sheriff shall receive the same, if they have not been damaged or injured since the replevy, and receipt said defendants therefor, and shall immediately deliver such property to the plaintiff, and said defendants in the judgment shall, upon filing with the papers in the cause the receipt of the sheriff, be credited by the clerk upon the judgment with $1.69½ (the value of each log) for each log so returned. Provided, however, if the property should be tendered back by defendants, and has been injured or damaged while in their possession under such bond, the sheriff shall not receive the same, unless defendants at the same time tender the reasonable amount of such injury or damage, to be judged by the sheriff.

8.   The testimony reasonably tends to show that Cummings & Com-

pany, including the logs replevied, received from Towler timber cut from plaintiffs' land of the value of $8,250, that the 5,370 logs, other than these replevied, seized by the sheriff under another writ of sequestration, were not in the possession of the sheriff when the case was tried, but had, after their seizure by the sheriff, been received and appropriated by Cummings & Company; and it must be presumed in favor if the judgment that the court so found and included the value of the 5,370 logs in the judgment. Therefore, we overrule the fifteenth assignment of error.

If the error in the judgment requiring its modification had been indicated by defendants to the court below and the court requested to correct it, doubtless it would have been done. As the court was not given an opportunity to free the judgment of the error, but it was first complained of here, the costs incurred by the prosecution of the writ of error will be assessed against the plaintiffs in error. The judgment of the District Court, as modified, is affirmed.

*Modified and affirmed.*

### ON MOTION FOR REHEARING.

Neither the affidavits attached to this motion nor those attached to defendant in error's reply can be considered, for they are no part of the record and can not be used to supplement it. They are therefore stricken from the papers filed in the case.

In arriving at the conclusion of fact and law expressed in our original opinion, we, as thoroughly as we could, considered every question raised by the assignment of error; and, after considering this motion in the same manner, we can perceive no reason why we should recede from any conclusion of fact or law therein expressed.

If it should be conceded that the evidence shows that the logs seized by the first writ of sequestration were never received by Cummings & Company (though the testimony is sufficient to prove that they were), the evidence is amply sufficient to show that, exclusive of them, Cummings & Company received from Towler timber, cut and taken from defendant in error's land, of value far in excess of the sum of money adjudged against the company. The motion is overruled.

*Overruled.*

Writ of error refused.