HUGHES–BUIE CO. v. MENDOZA.

(Court of Civil Appeals of Texas. El Paso. March 13, 1913. Rehearing Denied April 24, 1913.)

1. PARTIES (§ 20*)—PLAINTIFFS—JOINDER—ACTION FOR TORT.

In a suit for the recovery of the entire amount due upon a cause of action arising in tort, all the joint owners of the cause of action should be made parties plaintiff.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 20.*]

2. PARTIES·(§ 80*)—NONJOINDER—DEFECTS.

In actions ex delicto the objection to the nonjoinder of a part of the parties· plaintiff is

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

available only by plea of abatement, or by way of apportionment of damages on the trial.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 123–131, 170; Dec. Dig. § 80.*]

**3. ASSIGNMENTS (§ 90*)—EFFECT.**

Where an injured servant executed an instrument, whereby he transferred, sold, and assigned to his attorneys an undivided one-third interest in his cause of action, they were joint owners with him of the cause of action, rather than the owners of a contingent interest in a possible recovery.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 156; Dec. Dig. § 90.*]

**4. JUDGMENT (§ 683*)—PERSONS CONCLUDED.**

Where plaintiff in a personal injury action assigned a one-third interest in his cause of action to his attorneys, and the attorneys refused to join as parties plaintiff, insisting that they were unnecessary, the judgment in the suit by plaintiff alone is binding upon them.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1206; Dec. Dig. § 683.*]

**5. APPEAL AND ERROR (§ 1036*)—REVIEW—HARMLESS ERROR.**

Where parties who should have been made plaintiffs were not joined, but were bound by the judgment, the failure of the court to sustain a plea in abatement for the nonjoinder was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4069–4074; Dec. Dig. § 1036.*]

**6. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.**

Where a servant engaged in operating a paper-cutting machine was assured by the master, to whom he had complained that it was dangerous, that it had been fixed and was in good condition, he cannot, as a matter of law, be held guilty of contributory negligence in using the same.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

**7. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—ASSUMPTION OF RISK.**

Neither can he be held, as a matter of law, to have assumed risk of injury in using it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

**8. TRIAL (§§ 194, 240*)—INSTRUCTIONS.**

A requested charge, which is on the weight of the evidence and argumentative, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466, 561; Dec. Dig. §§ 194, 240.*]

**9. APPEAL AND ERROR (§ 703*)—RECORDS—QUESTION PRESENTED FOR REVIEW.**

Where the record does not indicate whether or not a charge was given, no indorsement signed by the trial judge appearing, an assignment complaining of its refusal cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2931; Dec. Dig. § 703.*]

**10. TRIAL (§ 253*)—INSTRUCTIONS—EXCLUDING ISSUES.**

In a personal injury action by a servant whose hand was cut off by the falling of a knife in a paper-cutting machine, where the master had assured the servant that the machine was repaired and in good order, and the method employed by the servant was not dangerous if the machine was in good repair, an instruction that if the servant had the option of choosing between an unsafe and a safe way to arrange the paper, and he selected the unsafe way and was injured, he could not recover, was properly refused, because taking from the jury the question of contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

**11. TRIAL (§ 260*)—INSTRUCTIONS.**

The refusal of special charges covered by the general charge is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**12. MASTER AND SERVANT (§ 220*)—INJURIES TO SERVANT—DUTY OF INSPECTION.**

Where a servant calls to the attention of the master a defect in a machine which he is operating, and the master undertakes to repair it and informs the servant he has done so, directing him to use it, the servant is under no duty to inspect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 625–637, 641, 644–647; Dec. Dig. § 220.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Action by George Mendoza against J. H. Hughes, J. W. Buie, and L. Muehlisen, copartners doing business under the firm name of the Hughes-Buie Company. From a judgment for plaintiff, defendants appeal. Affirmed.

S. P. Weisiger, of El Paso, for appellants. Patterson & Wallace, of El Paso, for appellee.

HIGGINS, J. Action for damages arising from personal injuries resulting in verdict and judgment in appellee's favor for $2,500.

The Hughes-Buie Company, a copartnership composed of J. H. Hughes, J. W. Buie, and L. Muehlisen, owned and operated a printing plant in the city of El Paso. Appellee was employed by them as a paper cutter. He was an experienced man, and for several years had operated the machine which inflicted his injuries. On Tuesday, July 12, 1910, while in the discharge of his duties, the blade of the machine unexpectedly descended upon his right arm, severing same. The machine was old and worn, and the descent of the blade was due to its defective condition. It had gotten out of order and in bad repair several days prior to that, and on the previous Friday appellee called the same to the attention of defendant Muehlisen, foreman of the plant, in charge of the work, who thereupon undertook to repair same. After having worked upon the machine, he informed plaintiff it was all right, and directed him to proceed to work therewith, which he did, and upon the following Tuesday sustained the injuries mentioned.

In deference to the verdict of the jury, we find appellant negligent in furnishing a defective and unsafe machine with which plaintiff was required to perform his work, which proximately caused his injuries; that appellee was not guilty of contributory negligence, and did not assume the risk incident to the use of the machine.

Prior to the institution of the suit, and on

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

August 27, 1910, appellee employed the law firm of Patterson & Wallace, and in consideration of their agreement to file and prosecute the suit for recovery of his damages he "transferred, sold and assigned to said Patterson & Wallace an undivided one-third (⅓) int. in said suit and cause of action." This contract of employment and assignment was filed among the papers of the cause upon the same date the suit was instituted. Appellant filed plea in abatement setting up the execution and delivery of said contract, and that by virtue thereof Patterson, & Wallace had become the owners of an undivided one-third interest in the cause of action and prayed that the suit as to this interest be abated, and, if not abated, then it was prayed in the alternative that the members of said firm be made parties to the suit, to the end that the rights of all parties interested in the cause of action might be adjudicated.

[1, 2] The first assignment relates to the action of the court in overruling this plea. Plaintiff here sued for a recovery upon the entire cause of action. But in a suit for the recovery of the entire amount due upon a cause of action arising in tort all of the joint owners thereof should be made parties plaintiff. Railway Co. v. Spiker, 59 Tex. 435; Railway Co. v. Le Gierse, 51 Tex. 198; Railway Co. v. Stockton, 15 Tex. Civ. App. 145, 38 S. W. 647; Foster v. Railway Co., 91 Tex. 631, 45 S. W. 376; May v. Slade, 24 Tex. 205; Rowland v. Murphy, 66 Tex. 534, 1 S. .W. 658; Railway Co. v. Hollingsworth, 2 Willson, Civ. Cas. Ct. App. § 173; Railway Co. v. Gill, 2 Willson, Civ. Cas. Ct. App. § 175; Railway Co. v. Williams, 1 White & W. Civ. Cas. Ct. App. § 249; Towns on Texas Pleading, pp. 196, 197, and 200.

In actions ex contractu a nonjoinder of parties interested in the cause of action is fatal, whether or not the defect of parties be pleaded in abatement; but in actions ex delicto it seems such nonjoinder is available only upon plea in abatement, or by way of apportionment of damages on the trial. Railway Co. v. Knapp, 51 Tex. 592; Cummings v. Masterson, 42 Tex. Civ. App. 549, 93 S. W. 500; Railway Co. v. Seale, 89 S. W. 997; Railway Co. v. Kutac, 72 Tex. 643, 11 S. W. 127; Nelson v. Railway Co., 78 Tex. 621, 14 S. W. 1021, 11 L. R. A. 391, 22 Am. St. Rep. 81; Railway Co. v. Wilson, 3 Tex. Civ. App. 583, 24 S. W. 686.

[3-5] Undoubtedly the transfer in this case to Patterson & Wallace constituted them joint owners with plaintiff of the cause of action herein sued upon, rather than the owners of a contingent interest in a possible future recovery, and plaintiff had not the right to subsequently file and maintain suit for himself and in his own name for the recovery of the whole amount due thereon. Defendant having seasonably raised the question by plea in abatement, his assignees should have been made parties, as therein requested. However, for the reasons stated in Bonner v. Green, 6 Tex. Civ. App. 96, 24 S. W. 835, Patterson & Wallace are bound by the judgment herein rendered, and the action of the court in overruling the plea in abatement is harmless.

The second and third assignments complain of the overruling of special exceptions to the petition. It is unnecessary to pass upon the merits of these exceptions. If meritorious, no harm could have resulted from the act of the court in overruling same.

The court fairly submitted the issue of due care on part of appellee in placing his hand under the blade of the paper cutter, and therefore we overrule the fourth assignment, which relates to the charge of the court upon this phase of the case. Railway Co. v. Waller, 27 Tex. Civ. App. 44, 65 S. W. 212; Miller v. Railway Co., 89 Iowa, 567, 57 N. W. 418.

[6, 7] There is no merit in the contention that, as a matter of law, plaintiff assumed the risk incident to the use of the machine which inflicted his injuries, or that he is charged with contributory negligence in using the same. It is true he was an experienced workman, and had operated the machine for several years; but on Friday before his injury on Tuesday he called defendant Muehlisen's attention to the defective condition. Muehlisen was a member of the firm, and foreman in charge of the establishment. Muehlisen undertook to repair same, and after having worked on it informed plaintiff the machine was in good condition, and directed him to proceed with the use thereof. Under such circumstances it is clear he cannot be held, as a matter of law, to have assumed the risk incident to the use thereof, or be guilty of contributory negligence in so doing. Of the many authorities supporting this view the rule is most aptly stated in the recent case of Beck v. Texas Company (Sup.) 148 S. W. 295. The fifth and sixth assignments are therefore overruled.

[8] Special charge No. 3 was upon the weight of the evidence, and argumentative as well. It was therefore properly refused.

[9] The eighth assignment complains of the refusal of a special charge. There is nothing to indicate whether same was given or refused by the trial court; no indorsement signed by him appearing. In this state of the record we cannot entertain any error assigned in this connection. Michael v. Yoakum, 30 S. W. 1076; Railway Co. v. Yznaga, 122 S. W. 267; Hodde v. Susan, 63 Tex. 307; Thompson v. Chumney, 8 Tex. 390; Longino v. Ward, 1 White & W. Civ. Cas. Ct. App. § 522.

[10] Error is assigned to the refusal of the following charge: "You are instructed, at the request of the defendants, that where it is optional with the servant as to how he shall perform his work, there being a safe and an unsafe way, both known to him, and he selects the unsafe way, he assumes the

risk incident thereto. Now, if you believe from the evidence in this case that plaintiff had the option of selecting between a safe and an unsafe way to place and arrange the paper on the paper cutter, under the knife, and that he selected the unsafe way and was injured thereby, he assumed the risk incident thereto, and he could not recover, and your verdict must be for the defendants."

It was for the jury to determine whether plaintiff was negligent, under the circumstances, in placing his hand under the blade of the cutter, and the charge in question was properly refused. While there is evidence that the paper could be placed under the blade without the necessity of placing the hand thereunder, yet, if the machine had been safe and in proper repair, there was no danger incident to placing the hand thereunder. The question of negligence vel non in so doing was an issue to be determined by the jury under all the facts, and in the main charge was properly submitted. It was therefore proper to refuse the foregoing charge.

[11] The assignments complaining of the refusal of special charges 10 and 11 are overruled. They were upon the weight of the evidence, and, in so far as proper, were covered by the general charge.

[12] The twelfth assignment complains of a portion of the court's charge. The first proposition subjoined to the assignment is faulty, in that it assumes the duty of inspection rested upon plaintiff to ascertain whether the machine had been repaired. The duty of inspection ordinarily does not rest upon the servant. He has the right to assume the master has furnished safe appliances to work. Certainly no such duty rests upon him when he has called to the attention of the master a defect in the machine which he is operating, and the master thereupon undertakes to repair same, informs the servant he has done so, and directs him to proceed with the use thereof. Railway Co. v. Nordell, 20 Tex. Civ. App. 362, 50 S. W. 601; Beck v. Texas Company, supra; Reid Coal Co. v. Nichols, 136 S. W. 847. The paragraph of the charge under consideration is not subject to the further objection made that it is upon the weight of the evidence.

Affirmed.

HARPER, C. J., did not sit in this case.