## MARTIN HINZIE V. HARRIS KEMPNER.

### No. 3355.

1. **Citation—Nature of Plaintiff's Demand.**—Article 1215, Revised Statutes, does not require the citation to state the cause of action with anything like the same particularity as the petition. It may give a correct description of the demand in general terms. A citation in a suit upon three promissory notes executed by defendant to the plaintiff, and to foreclose a mortgage, alleging the dates and principal of each, referring to the notes as part of the petition, giving date of mortgage and that it is on twenty-one lots described in the petition, prayer for interest and attorney fee and foreclosure, *held* sufficient.

2. **Intervention.**—After the death of the wife the husband executed a deed of trust upon lands. In the deed the rights of the wife's children were expressly recognized. In suit by the holder of the claim to foreclose, the children of the wife were not entitled to intervene. The foreclosure would not affect their rights in the lands. The defendant in the suit could not complain at the refusal of the court to allow such intervention.

3. **Correction of Judgment After End of Term.**—See facts sustaining the refusal of the court at a subsequent term to alter the judgment so as to apply to the *south* half of a described 100 acres tract, instead of the north half. Neither fraud nor mistake was shown, nor was delay explained. The mistake. if it was one, was judicial and not clerical.

APPEAL from Anderson. Tried below before Hon. F. A. WILLIAMS. The opinion states the case.

*Gammage & Gammage*, for appellant.—1. The citation, when unaccompanied by a copy of the petition, must state the nature of plaintiff's demand, and it should be so specific as to give notice to the defendant of what plaintiff alleges in petition and what demands defendant is called on to answer. Rev. Stats., art. 1215; Roberts v. Stockslager, 4 Texas, 307; Underhill v. Lockett, 20 Texas, 130; Graves v. Robertson, 22 Texas, 130; Tullis v. Scott, 38 Texas, 537; Graves v. Le Gierse & Co., 1 Ct. App. C. C., sec. 812.

2. When title to real estate is involved, one who has an interest in the property may intervene. In this case the pleadings of plaintiff and defendant showed affirmatively that the title in the intervenors to the one-half undivided interest of the lands was involved, and that plaintiff sought to sell same and have officer making sale put purchaser in possession, whereby intervenors would be driven to the necessity of instituting one or even twenty suits to remove clouds and establish title; and, in morals as well as law, defendant Hinzie should protect the rights of his children. Stoddart v. McMahan, 35 Texas, 267; Norvell v. Phillips, 46 Texas, 161; Pool v. Sanford, 52 Texas, 621; Fleming v. Seeligson, 57 Texas, 524.

3. The motion to correct the judgment should have been allowed. Rev. Stats., arts. 1354, 1355; 1 Black. on Judg., secs. 155–161, et seq.; Freem. on Judg., secs. 69–74; Trammell v. Trammell, 25 Texas Supp., 261; Coffee v. Black, 50 Texas, 117; Krall v. Printing Co., 79 Texas, 556; De Hymel v. Manf. Co., 80 Texas, 493; Rev. Stats., art. 1335; 1 Black. on Judg., secs. 165, 183, 242; Lynch v. Elkes, 21 Texas, 229; Storey v. Nichols, 22 Texas, 87; Menard v. Sydnor, 29 Texas, 257.

*J. R. Burnett*, for appellee.—In a suit to foreclose a mortgage on land a third party can not intervene without alleging such facts as would authorize a court of equity to grant an injunction. It was not alleged that appellant's children were in possession of any of the mortgaged lands; it was simply alleged that the children owned an undivided half of the lands as their deceased mother's community interest, and partition was prayed for. The children have not appealed. Faubion v. Rogers, 66 Texas, 475; Spencer v. Rosenthall, 58 Texas, 4; Whitman v. Willis, 51 Texas, 422.

MARR, JUDGE, *Section A.*—Harris Kempner, as plaintiff, on the 10th day of November, 1890, instituted, by petition filed in the District Court of Anderson County, Texas, suit against appellant Martin Hinzie on his promissory notes, attached to petition as exhibits A, B, and C—one for $4000 and 10 per cent attorney fees, dated February 5,

1889, due November 1, 1889; one for $1500, dated April 22, 1889, due November 1, 1889, and 10 per cent attorney fees; one dated August 3, 1889, for $906.67 and 10 per cent attorney fees, due in sixty days. Also on mortgage, dated October 28, 1889, to secure payment of above amounts of money, on twenty-one several town lots and tracts of land, all situate in Anderson County, Texas, attached to petition as exhibit D.

Defendant filed motion to quash the citation. This motion was submitted to and overruled by the court.

Defendant filed amended original answer admitting indebtedness as alleged and the mortgage, but alleging that the mortgage was made on only a one-half undivided interest in the several tracts of land described; and that the lands were the community property of his deceased wife and himself, and that his children by his deceased wife, Herbert M. and others, minors, owned the other half; that said contract was made by him with J. R. Burnett, agent for plaintiff, and said claim and interest of said children was expressed and set out in the mortgage; that the debts sued for were his separate debts, and he, as father and natural guardian of said children, prayed the court that their interest be protected, etc.

Herbert M. Hinzie, for himself and as next friend for his minor brothers and sisters, the children of Martin Hinzie and Susan Ann Hinzie, their deceased mother, intervened, setting up their ownership as heirs at law of their mother's one-half undivided interest in the lands described in the mortgage, and prayed that the court do not permit their title to be affected and they forced to individual suits, etc.

Plaintiff filed motion to strike out this plea, which was sustained by the court. On trial of cause the mortgage was foreclosed as against all and severally the tracts of land named in the mortgage. The lands were ordered to be sold, and the officer executing the order of sale was therein ordered to put the purchaser or purchasers in possession thereof within thirty days after sale.

The exception of plaintiff to defendant's answer, so far as it set up any right of the children named to the mortgaged property, was sustained, to which ruling defendant excepted. On May 1, 1891, defendant filed motion to correct the judgment on ground of fraud and mistake in foreclosing on "north" half of 100 acres tract while the mortgage was on the "south" half. Defendant filed on May 8, 1891, answer to motion. On May 9, 1891, motion was tried and overruled, to which defendant excepted and gave notice of appeal.

Judgment in original and main suit was rendered November 28, 1890, to which defendant excepted and gave notice of appeal. Appeal bond number 1 was filed December 29, 1890. Appeal bond number 2 was filed May 26, 1891. November term, 1890, adjourned December 19, 1890; April term, 1891, adjourned May 21, 1891. Defendant assigned

errors in main case, and on motion the original suit and the proceedings on the motion are both brought up in same transcript.

The first error assigned is, that "the court erred in overruling defendant's motion filed November 20, 1890, excepting and to quash citation, alleging that the citation does not contain a statement of plaintiff's demand, in that it does not state who are the owners or holders of the notes sued on, nor whether same are due and payable to bearer or order, nor the rate of interest each bears, nor what or how much attorney fees, nor that plaintiff prays for a moneyed judgment, nor for how much. It (the citation) does not state in what county the land (sought to be foreclosed against) is situate, nor in what one of all the States of the Union the same is situate."

The citation *does* state the amount of the notes and their dates, as well as that of the trust deed, and that the latter includes "twenty-one tracts of land, described in plaintiff's petition." The citation in this case recites: "The nature of plaintiff's demand being a suit on three promissory notes executed and delivered by defendant to plaintiff, as follows: One for $4000, dated February 5, 1889, payable November 1, 1889; one for $1500, dated April 22, 1889, and one for $906.67, dated August 3, 1889, and which notes are filed with plaintiff's petition. Plaintiff sues for amount of said notes and interest and attorney fees as therein specified, less credits on first note of $886.80, paid March 6, 1890. Plaintiff also sues on a trust deed executed by defendant on October 24, 1889, to J. R. Burnett, trustee, on twenty-one lots or parcels of land described in the petition, to secure the payment of said notes, and plaintiff prays for a foreclosure of said trust deed."

Evidently the statement that "the notes were executed and delivered by defendant to plaintiff" shows the legal right of the latter to sue upon the same. While the writ of citation is somewhat indefinite in some of the particulars complained of, still we are not prepared to hold that it will not pass muster as sufficiently indicating "the nature of plaintiff's demand." Rev. Stats., art. 1215. The law does not require the citation to state the cause of action with anything like the same particularity as the petition. It may give a correct description of the demand "in general terms" without going into details. To require this to be done in the writ would render it inconvenient and cumbersome, and defeat the purpose of the change in the law as made in the Revised Statutes, which dispensed with the service upon the defendant of a certified copy of the petition. Railway v. Burke, 55 Texas, 329; Pipkin v. Kaufman, 62 Texas, 545.

It now remains to determine the two other questions presented by the assignments of error. It is contended by appellant's counsel that the court erred in sustaining exceptions to and in striking out the plea of intervention interposed by Herbert M. Hinzie for himself and as next friend of the other children of the defendant Martin Hinzie and

his deceased wife Mrs. Susan Hinzie. In this action of the court we find no error. The intervenors had no right to intervene unless their claim was such as would have entitled them to an injunction to restrain the plaintiff from proceeding against the defendant to foreclose the deed of trust. They were not parties to that instrument, and no judgment rendered in the foreclosure proceedings between the plaintiff and the defendant could injure in the least or affect their interest in the lands mortgaged. The deed of trust was executed after the death of their mother, and by the father alone. Their title, if any, in the lands vested in them upon the death of the mother, and their interest in such lands seems to be expressly excepted, by the terms of the trust deed, from its operation—at least their claim to one-half of the lands is recognized, and the title is not warranted as to them. Under such circumstances the intervenors would not have been entitled to an injunction, and the intervention was therefore rightly dismissed. Faubion v. Rogers, 66 Texas, 475; Spencer v. Rosenthall, 58 Texas, 4; Whitman v. Willis, 51 Texas, 421; Carlin v. Hudson, 12 Texas, 202. The petition for intervention presents no such facts as would authorize the interposition of a court of equity. The intervenors have a plain legal remedy to secure their interest in the lands and to contest the matter with the plaintiff, or the purchaser under the foreclosure proceedings, should there be one. But again, none of the intervenors have joined in this appeal, which is prosecuted alone by the appellant Martin Hinzie. Obviously he has no legal grounds to complain of the dismissal of the intervention, or to the foreclosure of the mortgage without protecting their interest.

In the next place it is urged by the appellant that the court erred in overruling his motion to correct the judgment (originally entered at a former term of court) so as to make said judgment apply to the *south* half of the 100 acres in the S. G. Wells headright league of land instead of the *north* half thereof, as designated in the judgment as entered at the term when the case was tried. This motion was heard by the court upon oral testimony and otherwise, and was denied, and the only statement of facts contained in the record relates to the trial of this motion—not to the original trial of the suit. The evidence is sufficient to support the action of the court upon the motion; but we prefer not to rest our decision entirely upon that ground, for there is a serious doubt in our minds whether the judgment could have been corrected at the time and in the mode in which it was attempted, and upon the character of proof which was offered. The error in the judgment, if it be an error, might be a judicial, not a clerical one merely.

Appellant's counsel say in the brief that they sought to reform the judgment upon the grounds of *"fraud"* and mistake, but a reference to the motion shows that no charge of fraud is made, and no fact is stated from which it might be inferred. It is alleged that the clerk in

entering up "the judgment foreclosing the mortgage on said *north* half of said one hundred acres of land did so by mistake." There is not, in our opinion, sufficient competent data afforded by the record to show that this was not done according to the will and the decision of the court rendered upon the trial of the case.

We think that it is not made to appear that there was any mistake made in entering the judgment of the court originally and as it now stands. To demonstrate this, we will first treat the question as if it were presented by the assignments attacking the original judgment, and it does seem to be partially raised by the fourth assignment, "that the judgment of the court is contrary to the law of the case as made by the pleadings." We do this for the reason that if the record discloses that the deed of trust has been foreclosed upon any land belonging to the defendant but not embraced in it, the judgment ought to be corrected in this respect under the original appeal. Castro v. Illies, 13 Texas, 229.

The deed of trust which is made a part of the petition describes this particular parcel of land as "the *south* half of one hundred acres out of the S. G. Wells headright, and the same conveyed to said Hinzie by Henry Davis, sheriff, by deed dated October 6, 1883," giving the volume of the record and the pages where the deed is recorded. The petition sets up the plaintiff's lien "upon the lands described in the trust deed"—a copy of which is annexed to the petition. The petition continues as follows: "And plaintiff annexes hereto and makes a part of this petition a *more particular* description of said lands, marked exhibit E." Turning to exhibit E, we find that the land in question is described therein as follows: "The *north* half of one hundred acres of land, situated in Anderson County, Texas, a part of the Samuel G. Wells headright." Then follows a description of this parcel of land by metes and bounds, and a reference to the same deed from Henry Davis to the defendant and to the same pages of the record as given in the trust deed.

We have thus presented to us by the petition and the copy of the deed of trust a latent ambiguity in the description of this particular land, and we think that the reference in both to the deed from Davis to the defendant and to the record thereof should be regarded as the particular and more definite description, and will control the other, which is general. That is certain which may be rendered certain. Under the circumstances, we think that we ought to presume that the court was advised of this description and considered the same, as well as the deed from Davis, before entering the judgment. Exhibit E, being a part of the petition, authorized as a matter of pleading the rendition of the judgment for the *north* half instead of the south half of this tract of land. At the trial of the case no issue was raised as to the trust deed not including the *north* half of the land, and there being no statement of facts framed upon that trial, we think it should be presumed, as we

have already indicated, that the court heard sufficient proof on the subject to sustain its judgment (as the pleadings authorized that judgment); and further, that the sheriff's deed referred to contains a description of the land showing that this land as mortgaged is really the north half instead of the south half thereof. There was no proof, even upon the hearing of the *motion* to reform, that this deed from Davis, as sheriff, does not so describe the land. On the contrary, it was then proved that this "deed, as a matter of fact, conveys the *north* half instead of the south half, and gives the field notes of the one hundred acres." Appellant, however, at the trial of the motion attempted to show by parol that "the plaintiff offered no evidence except the notes and trust deed, and no proof of any mistake in the description of the land in the trust deed." His attorney testified to these facts, but we do not think that these facts can have the legal force or effect to alter the terms of the judgment as rendered, or to contradict the presumption of its conclusiveness after the expiration of the term. The testimony ought not to have been received, as it was not competent to show at that time that the court did not hear sufficient proof to support its judgment. That should have been made a ground for a new trial at the term when the case was tried, and the facts proved on the trial should have been preserved in a statement of facts. Appellant alleges that he did not discover the "mistake" in the judgment until after the term, but he fails to give a sufficient excuse for his want of knowledge on this subject. Railway v. Haynes, supra, 448.

We conclude that the judgment should be affirmed, but without prejudice to any right or title of the intervenors in the lands described in the deed of trust.

*Affirmed.*