C. FOSTER ET AL. v. GULF, COLORADO & SANTA FE RAILWAY
COMPANY.

No. 659.—Decided April 18, 1898.

Venue—Damages to Land—County of Situs—Parties—Intervention—
Waiver.

Plaintiff sued in Austin County for damages to land in Brazoria County claimed
as his own, and defendant answered without plea to the jurisdiction; by amendment
plaintiff alleged ownership in himself and another who intervened claiming one
half of the damages; thereupon defendant pleaded to the jurisdiction because suit
was brought in wrong county.  Held:

(1)  The amendment did not constitute a new suit by plaintiff, and the answer to
the original petition waived objection to his suit because brought in the wrong
county.  (P. 633.)

(2)  The intervenor's petition was the beginning of a suit as to his claim, but, the
court having jurisdiction of the subject matter and he being a necessary party, it was
proper to overrule the plea to the jurisdiction as to his cause of action also.  (Pp.
633, 634.)

ERROR to the Court of Civil Appeals for the Fourth District, in an
appeal from Austin County.

Foster sued the railway company for damages to land and Harrison
intervened.  Both plaintiffs recovered and defendant appealed, securing
reversal as to Harrison.  Appellees obtained a writ of error.  The com-
pany filed cross-assignment, of error in affirming the judgment as to
Foster.

*Brown & Lane*, for plaintiffs in error.—The Court of Civil Appeals
erred in concluding as matter of law that the action of plaintiffs in error
is, within the meaning of the fourteenth subdivision of art. 1194, Rev.
Stats., 1895, a suit for the recovery of damages to land.  26 Am. and
Eng. Encycl., Law, 774.

The court erred in holding that in any event the venue of this action
was fixed and determined by the provisions of subdivision 14, art. 1194.
Even if this is an action for damages to land the venue was fixed in
Austin County when the plaintiffs in error filed their suit in that county,
by authority of subdivision 23, art. 1194, of the Revised Statutes.
Railway v. France, 2 White & W. C. C., sec. 701.

The Court of Civil Appeals erred in holding that subdivision 14 con-
trols subdivision 23, art. 1194, Rev. Stats.  On the contrary, the latter
subdivision controls the former.

The Court of Civil Appeals erred in holding, that, when defendant in
error had done acts which waived and defeated its plea of personal priv-
ilege as to the action of Foster, such acts did not also waive and defeat
such plea as to the interest of Harrison in the same cause of action.
Carro v. Carro, 60 Texas, 395; Ryan v. Jackson, 11 Texas, 391; Morris,
v. Runnells, 12 Texas, 177; De la Vega v. League, 64 Texas, 214; York
v. State, 73 Texas, 653; Railway v. Traweek, 84 Texas, 68.

*J. W. Terry* and *Chas. K. Lee*, for defendant in error.—The Court of Civil Appeals erred in holding that the plea of privilege and to the jurisdiction, filed by the defendant in error in the court below, was not a good plea as well against the plaintiff, Foster as against the plaintiff, Harrison, and erred in affirming the judgment in favor of the plaintiff Foster, for one-half of the amount recovered below. And herein the Court of Civil Appeals erred in overruling motion for rehearing filed by this defendant in error in that court. Rev. Stats., art. 1194, subdivs. 14, 27; 12 Am. and Eng. Encycl., Law, 655; 18 Am. and Eng. Encycl., Law, 862; 1 Sayles' Texas Civil Practice, 267; Stark v. Burr, 56 Texas, 132; Railway v. Jenkins, 29 S. W. Rep., 1113; Russell v. Railway, 68 Texas, 650; Longcope v. Bruce, 44 Texas, 434; Railway v. Teague, 2 Willson, C. C., sec. 780; Railway v. Oates, 2 Willson, C. C., sec. 618; Railway v. Rushin, 3 Willson, C. C., sec. 317; Railway v. McGowan, 8 S. W. Rep., 57; Railway v. Wolston, 23 S. W. Rep., 234; Ins. Co. v. Coffee, 61 Texas, 290.

BROWN, Associate Justice.—This is a suit against the railroad company for damages alleged to have been caused by it to a certain tract of land situated in Brazoria County which belonged to C. Foster and J. M. Harrison as tenants in common.

On the 4th day of April, 1896, C. Foster filed his petition in the District Court of Austin County against the railroad company, alleging that he was the owner of the land in fee simple, describing it as situated in Brazoria County, Texas, and that while he was in possession of the land the defendant destroyed fruit trees growing thereon of the value of $2320.

The defendant answered to this petition by general demurrer and general denial, after which—on the 21st day of December, 1896—C. Foster amended his original petition, setting up that he and J. M. Harrison were owners of the property described as tenants in common. The amended petition alleged the land to be situated in Brazoria County, Texas, and claimed the damages—$2320—for the said C. Foster and J. M. Harrison.

On the same day J. M. Harrison filed a plea in intervention, in which he alleged that he was the owner with the plaintiff Foster of an undivided half interest in the land described in the plaintiff's first amended original petition and was such owner at the time the damage was done to the land. He adopts the first amended original petition of C. Foster and joins him in his prayer for relief.

To this amended original petition and plea of intervention the defendant answered by exceptions to the jurisdiction and also by a plea to the jurisdiction of the court, alleging that the land lies in Brazoria County and not in Austin County, and claims the privilege of being sued in the county in which the land is situated. The plea to the jurisdiction was sworn to.

The court overruled the exceptions to the jurisdiction, to which rul-

ing the railroad company took a bill of exceptions. The cause was tried before a jury, and a verdict and judgment for the plaintiff Foster and intervenor Harrison for the sum of $800 with six per cent interest thereon from date of judgment; from which judgment appeal was taken and the judgment of the District Court was affirmed as to Foster and reversed as to Harrison, and the case dismissed as to him.

The original petition which Foster filed against the railroad company alleged ownership of the land in himself and claimed the entire amount of damages for himself. The amended petition filed by Foster set up the same facts as to the injury to the identical land described in the original petition, but alleged the ownership in Foster and Harrison as tenants in common, claiming the damages to the land for the benefit of both of them.

The amendment did not set up a new cause of action and did not constitute a new suit on behalf of Foster. The defendant, having answered to the original petition filed by Foster by general demurrer and general denial, could not plead to the amendment his privilege to be sued in the county where the land was situated.

When Foster in his amended petition disclosed the fact that Harrison was a joint owner with him in the land, the defendant could have excepted to the amended petition for the non-joinder of the co-tenant, or it might have pleaded a non-joinder of parties and thus have forced Foster to make Harrison a party to the suit or the case would have been dismissed. May v. Slade, 24 Texas, 205; Rowland v. Murphy, 66 Texas, 538. Thus it will be seen that Harrison was a necessary party to the suit of Foster against the railroad company and might have been compelled to become a party to that suit in order that it might be further prosecuted in that court. This being the case, Harrison could voluntarily make himself a party to the suit as it then existed and thus avoid the objection of a want of proper parties. Harrison did in fact make himself a party plaintiff and as to him this was the beginning of the suit, because it was the first assertion of his claim against the defendant.

The Court of Civil Appeals did not err in holding that as to Foster the plea of privilege could not be urged, and we now come to consider whether the ruling of the court upon the plea as to Harrison should be sustained. The effect of the ruling of the Court of Civil Appeals is to force Harrison to bring a separate suit in Brazoria County to litigate the identical matter in controversy between Foster and the railroad company and in which he was equally interested with Foster. It is the policy of our law to avoid the multiplicity of suits and not only to allow but to compel tenants in common to litigate in one action claims for damages to their real estate under circumstances like the present. The court had jurisdiction of the subject matter of this suit, that is, the damages to the tract of land, and it had jurisdiction of the person of the defendant in the suit between it and Foster, and the trial of that case involved every issue that could be raised between Harrison and the railroad

company in a separate action.   We can see no sound reason for requiring a separate action to be brought by Harrison in Brazoria County in direct violation of the fundamental principle which governs in such cases, that all tenants in common must be parties to the suit.   No benefit can accrue to the defendant by such a course, but in fact its rights can be better protected by having all of the parties before the court in the one action than it is possible to do in several actions.

The Court of Civil Appeals erred in reversing the judgment of the District Court and dismissing the case as to Harrison, and it is ordered that to that extent the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Judgment of Court of Civil Appeals reversed in part.*
*Judgment of District Court affirmed.*