BLAKE v. VESEY et al.

(Court of Civil Appeals of Texas. Amarillo. May 10, 1912.)

1. PROCESS (§ 34*)—CITATION—STATEMENT OF CAUSE OF ACTION.

Under the statute, a citation is only required to state the nature of plaintiff's demand, and need not contain an accurate description of the grounds of action or the instrument sued on; and a citation alleging that defendant executed and delivered vendor's lien notes as a part of the purchase money of a lot described by subdivision, section and block, that the notes were due and unpaid, after demand, and citing defendant to answer plaintiff's petition, and that he have judgment for his debt, interest and costs, and for a foreclosure of the lien, is sufficient.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 28; Dec. Dig. § 34.*]

2. JUDGMENT (§ 17*)—DEFAULT—PROCESS TO SUPPORT.

Where process is void, the defendant is not required to obey it, but if it is merely defective, it brings defendant into court, and is sufficient to support a judgment by default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

3. VENDOR AND PURCHASER (§ 279*)—VENDOR'S LIEN—FORECLOSURE—PARTIES.

Parties whose interests are acquired with notice of a vendor's lien, and against whom no personal judgment is sought, and whose right of redemption is not concluded by judgment of foreclosure, while proper parties, are not necessary parties to a suit to foreclose the lien.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 778–782; Dec. Dig. § 279.*]

4. PRINCIPAL AND SURETY (§ 180*)—REMEDIES OF SURETY—JUDGMENT OVER AGAINST PRINCIPAL.

Under Rev. St. 1895, art. 3819, which declares that the remedy provided for sureties by its title extends to indorsers, article 3813 enabling sureties sued with the principal to have the question of suretyship determined upon the issue made for the parties defendant at the trial of the cause, article 3814 providing that, if such issue be found in favor of the surety, execution on the judgment shall be levied first on the property of the principal, and article 3815 defining the rights of a surety who makes payment on a judgment against the principal, indorsers of a purchaser's note, secured by a vendor's lien, who are parties to the holder's suit thereon and for foreclosure, and who by cross-bill ask judgment over against the purchaser, are entitled to the judgment prayer in the same amount as plaintiff's judgment against them, and to have execution for any sums that may be paid out by them by reason of the judgment.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 180.*]

Error from District Court, Lubbock County; L. S. Kinder, Judge.

Action by W. J. Vesey against Alvis Blake, the Lubbock Development Company, L. W. Roberts and B. O. McWhorter, on notes and to foreclose a vendor's lien, with cross-complaint by Roberts and McWhorter against Blake, seeking judgment over against him for any amount for which they were bound and that the land be sold and the proceeds applied to the satisfaction of plaintiffs' judgment before execution against them. Dismissed as to the Lubbock Development Company and judgment against defendant Blake, and he brings error. Affirmed.

H. C. Ferguson, for plaintiff in error. Bean & Klett and W. D. Benson, for defendant in error.

PRESLER, J. This suit was instituted in the district court of Lubbock county, Tex., by defendant in error, W. J. Vesey, against plaintiff in error, Alvis Blake, B. O. McWhorter, L. W. Roberts, the Lubbock Development Company, composed of W. T. Coleman and C. C. Hays, and J. H. Cathey, defendants below, to recover judgment on two promissory notes, executed by plaintiff in error, Alvis Blake, for the sum of $156.25, and for foreclosure of an alleged vendor's lien on certain property described in plaintiff's petition. It is alleged that the notes sued on were executed by plaintiff in error, and were made payable to the order of L. W. Roberts and B. O. McWhorter, and were indorsed and transferred by said Roberts and McWhorter to Mary J. Niblick, Lizzie E. Morrison, Hattie Studebaker and Margaret S. Vesey, and were afterwards transferred by delivery by the last said parties with the

exception of Margaret S. Vesey (who is alleged to be the wife of W. J. Vesey), to defendant in error, plaintiff below, W. J. Vesey. Defendants below, L. W. Roberts and B. O. McWhorter, alone answered and set up among other things that they were liable, if at all, only as indorsers on the notes sued on and by cross-bill pleaded over against plaintiff in error, Alvis Blake, and asked for judgment in their favor against said Blake for such amounts as they, Roberts and McWhorter, might be compelled to pay out by reason of having indorsed the notes sued on; and further prayed that the land described in plaintiff's petition be sold and the proceeds be applied to the satisfaction of plaintiff's judgment before execution issue against them. Plaintiff in error alone appeals from the judgment rendered in the court below and here assigns error and asks to have said judgment reversed and said cause remanded.

[1] Plaintiff in error's first assignment is as follows: "The court erred in rendering judgment of default against defendant without service of citation on the defendants," which assignment is followed by the following proposition: "The citation served on plaintiff in error showing the execution of two notes sued on, payable to L. W. Roberts and B. O. McWhorter for lands conveyed to plaintiff in error by them and not showing that said notes were the property of W. J. Vesey, in whose name the suit was brought, or that he had any interest therein, did not set out a cause of action in favor of said Vesey on which judgment could be properly rendered in his favor against plaintiff in error"; and in support of said proposition makes the following statement: "The citation served on plaintiff in error alleges the execution of two notes sued on, payable to L. W. Roberts and B. O. McWhorter for land conveyed to him by the payees in said notes and failure to pay the notes but does not allege any kind of ownership of the notes by Vesey nor that he is the holder of them." Waiving the question as to whether the proposition submitted and the statement in support thereof is germane to the assignment, as the objection as shown by the proposition and statement appears to relate to an alleged defect in the substance of the citation rather than to its service, we are of the opinion that there is no merit shown under the assignment. Under the statute, the plaintiff is required only to state the nature of his demand and it is not necessary that the citation should contain a statement of the cause of action with all the detail required in his petition. The nature of the plaintiff's demand is stated in the citation as follows: "Said plaintiff alleges that on or about the 26th day of October, 1907, defendant Alvis Blake executed and delivered to the defendants L. W. Roberts and B. O. McWhorter his two certain promissory vendor's lien notes each for the sum of $156.25, bearing date on the day and year aforesaid, due two and three years after their date, respectively, and payable to the order of L. W. Roberts and B. O. McWhorter, bearing interest at the rate of 8 per cent. per annum from date until paid and stipulating for 10 per cent. on the principal and interest then due as attorney's fees in case of suit, or if placed in the hands of an attorney for collection; that said notes were given for a part of the purchase money of the following described real estate and premises, situated in Lubbock county, Tex., the same being lot No. one (1) in the subdivision of section No. 19 in block A, cert. No. 399, T. T. R. R. Co., in Lubbock county, Tex.; that said property was on the 26th day of October, A D. 1907, conveyed by defendants L. W. Roberts and B. O. McWhorter to defendant Alvis Blake, by their deed of that date, in consideration, among other things, of the two notes herein described, and that in said deed of conveyance and in said notes a vendor's lien was reserved thereon to secure the payment of said notes, that each of said notes are due and unpaid, and defendants, though often requested, have failed and refused to pay said notes each or either of them or any part thereof, but the same remain still due and unpaid; that the said defendants be cited to appear and answer plaintiff's petition, and that he have judgment for his debt, interest, attorney's fees, and costs of suit, and for a foreclosure of his lien on the above-described land," etc.

The citation *is not required to contain an accurate description of the grounds* of the action or the instrument sued on. We think the citation sufficiently informed the plaintiff in error as to the nature of defendant in error's demand and cited him to answer defendant in error's petition, from which, the same being on file, he could get full information as to defendant in error's right to maintain suit on the notes referred to in the citation, and that defendant in error was not required to set out his cause of action in the citation.

[2] The rule as laid down in Cave v. City of Houston, 65 Tex. 622, which we here approve is that if the process complained of is void the defendant is not required to obey it, but if merely defective it brings the defendant into court and is sufficient to support a judgment by default. We therefore conclude that said assignment should be here overruled. R. S. art. 1214; Pipkin v. Kaufman, 62 Tex. 545; Hinzie v. Kempner, 82 Tex. 617, 18 S. W. 659; Loungeway v. Hale, 73 Tex. 495, 11 S. W. 537.

Plaintiff's second assignment of error complains of the action of the court in foreclosing the lien on the land mentioned in the judgment, the same not being described in the original petition so as to identify it. We are of the opinion that the land described in the judgment is sufficiently described in the petition, and as hereinbefore set out,

to identify it as the land on which the lien is foreclosed in the judgment. Said assignment is therefore overruled.

[3] Plaintiff in error's third assignment is to the effect that the court erred in attempting to foreclose the lien on the land described in plaintiff's petition when it appeared therein that J. H. Cathey and C. C. Hays owned an interest in said land and no foreclosure was sought as to them by the plaintiff, the suit having been dismissed as to them, and that no valid foreclosure of the vendor's lien could be had without foreclosure against said Cathey and Hays. From appellant's brief, as well as the record in this case, we conclude that what interest the said Cathey and Hays had in the land in question, if any, was acquired subsequent to the sale by Roberts and McWhorter to the plaintiff in error, and to the execution of the notes sued on and with notice of the same as affecting the chain of title under which they held their said interest, if any. We therefore conclude that said Cathey and Hays were proper, but not necessary, parties to this suit for foreclosure of a lien existing prior to the acquisition of their interest. No personal judgment being sought against them for the debt sued on, and their interest or right of redemption in the land being in no way concluded by the judgment rendered, we conclude that no reversible error is shown, because of their dismissal, and the court's proceeding to foreclose the lien as against the remaining defendants. It further does not appear from appellant in error's statement in support of this assignment and proposition that the said Cathey and Hays are alleged in plaintiff's petition to have any interest whatever in said land, nor do we believe from an examination of defendant in error's said petition, as shown by the record, that the same is sufficient to show that said Cathey and Hays ever acquired any interest in said land; the allegations of said petition being in our opinion insufficient to allege the vesting of such interest in said Cathey and Hays. We therefore conclude, as stated above, that the court did not err in permitting them to be dismissed from the suit and in proceeding to foreclose the lien against the remaining defendants, and that said assignment shows no reversible error and should be here overruled.

[4] Plaintiff in error, under his fourth and last assignment of error, questions the sufficiency of the pleadings of the defendants Roberts and McWhorter in their cross-bill against plaintiff in error, to support the judgment of the court rendered in their behalf. We find that said pleadings in effect allege the execution of the notes sued on by plaintiff in error, the delivery of the same to said Roberts and McWhorter, the existence of a vendor's lien by which they are secured and the indorsement of said notes by the said Roberts and McWhorter and each for himself separately pleaded that if he is liable at all for the payment of said notes, that it is by reason of his indorsement only, and that if liable as such indorser he stands in relation to Blake as surety, and that if compelled to pay said notes, or any part thereof, that said Blake (plaintiff in error) is bound and liable to pay him such sums as he may pay out on said notes; both of said parties, Roberts and McWhorter, pleading substantially to the same effect. The judgment of the court on said cross-bill is as follows: "It is further ordered that the defendants L. W. Roberts and B. O. McWhorter do have and recover of and from defendant Alvis Blake judgment for the same amount as plaintiff's judgment herein against them, and they may have execution against the said Alvis Blake for any sums they or either of them may pay out by reason of plaintiff's judgment against them." We are of the opinion that the said defendants, Roberts and McWhorter, as indorsers of said notes, were entitled under the law to the protection given them by the judgment rendered and that no reversible error is here shown under plaintiff in error's said assignment. Revised Statutes 1895, arts. 3813, 3814, 3815 and 3819.

We therefore conclude that the judgment rendered in this cause in the court below should be in all things affirmed, and it is accordingly so ordered.