MOORE et al. v. TOYAH VALLEY IRR. CO. et al. (No. 492.)

(Court of Civil Appeals of Texas. El Paso. Oct. 14, 1915. Rehearing Denied Nov. 4, 1915. On Motion to Reinstate, Nov. 4, 1915.)

1. APPEAL AND ERROR ⟪76—JUDGMENTS APPEALABLE—"FINAL JUDGMENT."

Where a judgment did not dispose of certain interveners, nor of the subject-matter sued for by them, and there was no order of dismissal as to them, the judgment was not such a "final judgment" as would support an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426–428, 430, 431, 435-443; Dec. Dig. ⟪76.

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. PARTIES ⟪40—PROPER PARTIES.

Where, in a suit for an injunction, certain parties filed a petition in intervention setting up that they were jointly interested with plaintiff in the lands and waters in controversy, they were under the allegations of their petition proper parties to the action.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 60–63, 65–67; Dec. Dig. ⟪40.]

On Motion to Reinstate.

3. JUDGMENT ⟪297 — CORRECTION AND AMENDMENT—FAILURE OF ENTRY TO CONFORM TO JUDGMENT RENDERED.

Where the judgment actually rendered disposed of the rights of all parties to an action, but the judgment, as entered, did not correctly reflect and evidence the judgment rendered and failed to dispose of the rights of certain parties,

the court had authority to correct its minutes so as to show the judgment actually rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 581, 584–586; Dec. Dig. ☞ 297.]

4. JUDGMENT ☞1—"RENDITION" AND "ENTRY" OF JUDGMENT.

The "judgment" of a court is what the court pronounces; its "rendition" is the judicial act by which the court settles and declares the decision of the law upon the matters at issue; and its "entry" is the ministerial act by which the enduring evidence of the judicial act is afforded.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1, 3, 4; Dec. Dig. ☞1. For other definitions, see Words and Phrases, First and Second Series, Entry; Judgment; Rendition of Judgment.]

5. JUDGMENT ☞299—AMENDMENT OR CORRECTION—TIME FOR AMENDMENT.

Under Rev. St. 1911, art. 2015, providing that, where there shall be a mistake in the record of any judgment, the judge may in open court, after notice of the application therefor to the parties interested, amend the same, and article 2016, providing that, where in the record of any judgment or decree there shall be a mistake, miscalculation, or misrecital of any sum or sums of money, or any names, and there shall be among the records any verdict or instrument of writing whereby the judgment may be safely amended, it shall be the duty of the court and the judge thereof in vacation on application of either party, to amend the judgment, where the judgment actually rendered disposed of the rights of all of the parties, but the judgment, as entered, did not dispose of the rights of certain parties, the correction of the judgment entry to conform to the judgment rendered could only be made at a subsequent term, and not in vacation; as article 2016 is limited to the particular errors in the record of the judgment therein indicated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 583–586; Dec. Dig. ☞299.]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action by Mrs. J. L. Moore against the Toyah Valley Irrigation Company and another in which J. T. Moore and others intervened as plaintiffs. Judgment for defendants, and plaintiffs appeal. Appeal dismissed.

Hefner & Cooke and J. W. Parker, all of Pecos, for appellants. Ross & Hubbard, W. A. Hudson, E. C. Canon, J. A. Buck, and J. E. Starley, all of Pecos, Capps, Cantey, Hanger & Short, of Ft. Worth, and J. A. Drane and Harry MacTier, both of Pecos, for appellees.

HARPER, J. This suit for injunction was instituted by Mrs. J. L. Moore, originally, against the Toyah Valley Irrigation Company and A. J. Carpenter. Afterwards J. T., W. E., and E. A. Moore intervened in the case, in person or through Mrs. J. L. Moore, who is alleged to be their guardian (the petition does not exactly reveal which), setting up that they were jointly interested with plaintiff Moore in the lands and waters in controversy, and they filed pleadings and adopted those filed by Mrs. J. L. Moore.

[1] The decree entered by the trial court after hearing is not such a final judgment as is required by law to confer jurisdiction upon this court, in that it does not dispose of the parties (intervener) nor the subject-matter sued for by such parties. The parties J. T., W. E., and E. A. Moore have not been disposed of by the decree, nor by any order of dismissal; nor has the subject-matter of their suit been disposed of as to them by the judgment.

[2] Under the allegations in their petition in intervention, the said J. T., W. E., and E. A. Moore were proper parties to this action (Foster v. G., C. & S. F. Ry. Co., 91 Tex. 631, 45 S. W. 376), and, to make the decree final, there must be an order entered of record disposing of them as parties (Mendoza v. A., T. & S. F. Ry. Co., 62 S. W. 418[1]), and likewise the decree of the court, in order to be such final judgment as will give this court jurisdiction to consider and determine the questions involved, must dispose of the pleas and issues of law and fact (Railway Co. v. Weld & Neville, 95 Tex. 278, 66 S. W. 1095).

It is therefore ordered that this cause be dismissed at the cost of appellants.

### On Motion to Reinstate.

By motion appellants ask that their appeal, dismissed for want of a final judgment, be reinstated, for the reason that since the order of dismissal was entered a final judgment has been entered nunc pro tunc in the trial court, and further asks for a writ of certiorari to the clerk of the district court of Reeves county, Tex., to certify the record of the judgment as corrected.

The record filed in support of the motion shows that since the order of dismissal the appellants filed a motion in the district court containing the following:

"That * * * at the November term, 1914, * * * said cause was tried, and final judgment rendered, as appears from the docket entries and papers filed in said cause, disposing of the parties to said cause and the issues of law and fact raised by the parties thereto, that thereafter, and during the same term of said court, said judgment was duly recorded, but there was a clerical error in the record of said judgment, as so made, in this, that the said judgment does not dispose of the interveners, Mrs. J. L. Moore, as guardian, and the said J. T., W. E., and E. A. Moore, and does not dispose of the issues made by the pleading of said interveners, in that the record of said judgment omits the names of said interveners and omits reference to the issues made by their pleadings."

And by prayer they asked the court to amend or correct the judgment as indicated. Thereafter the judge in vacation, October 15, 1915, caused the judgment to be corrected as indicated.

[3, 4] It appears from the record that the

---

[1] Reported in full in the Southwestern Reporter; reported as a memorandum decision without opinion in 94 Tex. 650.

judgment originally rendered actually disposed of the rights of the interveners, and as a matter of fact, a final judgment was rendered. But the judgment, as entered, does not correctly reflect and evidence the judgment actually rendered. The distinction between the rendition of a judgment, and the entry thereof is stated by Judge Phillips in Coleman v. Zapp, 105 Tex. 491, at page 494, 151 S. W. 1040, at page 1041, as follows:

"The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which the enduring evidence of the judicial act is afforded."

In the same case, 105 Tex. on page 496, 151 S. W. on page 1042, it is said by Judge Phillips:

"To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary, as its jurisdiction of the case is at an end. In the latter instance [i. e., a proceeding to correct or supply the minutes of the court so as to have them truly recite a judgment actually rendered] the court may, at a subsequent term, of its own motion or upon the application of parties, order the proper entry, because the inherent power that it possesses as a court over its own records endures for the sake of their verity."

It is thus seen that the trouble in this case is not that the court did not render a final judgment, but that it failed to enter a final judgment. The latter being the case, it is clear, under numerous authorities, that the court has authority to correct its minutes so as to show the judgment actually rendered. Hamilton v. Joachim, 160 S. W. 645, at page 647, and authorities there cited, and also Yarbrough v. Etheredge, 163 S. W. at page 999.

[5] It remains therefore only to be determined whether the correction of the minutes can be made in vacation, or must it be made by a nunc pro tunc order entered during term time. The only authority to amend a judgment entered in vacation is contained in articles 2016 and 2017, where it is provided that:

"Where in the record of any judgment or decree of any court there shall be any mistake, miscalculation, or misrecital of any sum or sums of money, or of any name or names, * * * it shall be the duty of the court in which such judgment or decree shall be rendered" to amend same.

Plainly, this cause does not fall within the terms of that article, because it is not any mistake, miscalculation, or misrecital of any name or names; but it is a plain case of failure to incorporate in the judgment entry a disposition of the rights of interveners. Construing article 2016, our courts in several cases have, in effect, held that only clerical errors may be corrected in vacation by virtue of this statute. See Mansel v. Castles, 54 S. W. 299; Railway Co. v. Haynes, 82 Tex. 448, 18 S. W. 605; Hinzie v. Kempner, 82 Tex. 617, at page 621, 18 S. W. 659; and

Taylor v. Doom, 43 Tex. Civ. App. 59, at page 63, 95 S. W. 4.

The statute which controls is article 2015, which reads that, where there is a mistake in the record of any judgment or decree, the judge may, in open court, and after notice of the application therefor has been given to the parties interested in such judgment or decree, amend the same according to the truth and justice of the case, and thereafter the execution shall conform to the judgment as rendered. This statute is a very much broader one than article 2016, and gives the trial judge unlimited authority to correct any mistake in the record of any judgment or decree, but it must be made in open court. As has been indicated, article 2016 has reference to corrections which may be made in vacation, and is limited to the particular errors in the record of the judgment therein indicated. So it is plain that the remedy of the parties in this case is to have the judgment entry corrected by an order made in open court nunc pro tunc at a subsequent term, under article 2015.

It appears from the motion in this case that all parties would prefer to have this case disposed of upon the present appeal. We at this time see no reason why it should not be done after a nunc pro tunc entry is made in the trial court, properly correcting the entry of the judgment, so as to dispose of all issues and parties, upon a motion which may be thereafter seasonably presented to reinstate the appeal.

The motion is in all things overruled.