### FARMERS' STATE BANK OF MERKEL v. BRIGGS. (No. 1177.)

(Court of Civil Appeals of Texas. El Paso. Feb. 17, 1921.)

1. Process ⬅️34—Citation must state nature of plaintiff's demand.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1852, the nature of the demand must be stated sufficiently in the citation to notify the defendant of the character of the demand made against him, and, while the citation is not required to state the cause of action with the same particularity as the petition, it must correctly state the general nature of the plaintiff's demand, without going into details.

2. Process ⬅️34 — Citation sufficiently stated plaintiff's demand.

A citation, describing cause as "a suit on three promissory notes executed by J. in favor of the F. bank, aggregating the sum of $4,731.-65, deposit having been made in the bank of the same," held to sufficiently state the nature of the plaintiff's demand, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1852.

3. Dismissal and nonsuit ⬅️57—No dismissal for insufficiency of citation.

Courts should not dismiss a suit by reason of the citation being fatally defective, but should continue the case, so that service might be perfected.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Action by the Farmers' State Bank of Merkel against J. W. Briggs. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

E. S. Cummings, of Anson, and J. Lee Cearley, of Cisco, for appellant.

Walter S. Pope, of Anson, for appellee.

WALTHALL, J. This appeal is prosecuted from a judgment of the district court of Jones county dismissing the case because of insufficiency of the citation in stating the nature of plaintiff's demand.

The Farmers' State Bank of Merkel sued J. W. Briggs, a resident of Jones county, on three promissory notes. The petition, in its several paragraphs, fully described each note as to date of execution, due date, to whom payable, the amount, the interest, and whether from date or maturity, its provision as·

to attorney's fees, that each note had been placed in the hands of attorneys for collection and suit brought thereon and agreement to pay attorneys the attorney's fees provided for in the notes, which was a reasonable compensation for the services, that the provision as to attorney's fees had matured and inured to the benefit of plaintiff, and the suit included the attorney's fees. The notes were fully copied in the petition and the legal effect of the execution and delivery of the notes stated. The petition alleged demand and failure to pay, and that each of the notes had been placed in the hands of attorneys for collection, and that by reason thereof the attorney's fees were due as a part of the cause of action.

The petition asked for citation, for judgment for the principal, interest, and attorney's fee on each of the notes, and for costs, and for relief, general and special. The citation stating the nature of plaintiff's demand is as follows:

"A suit on three promissory notes executed by J. W. Briggs in favor of the Farmers' State Bank of Merkel, Texas, aggregating the sum of $4,731.65, default having been made in the payment of the same."

The citation was duly served and return made. Appellee did not appear nor file answer. After withdrawing its allegations and proof as to two of the notes, one for $1,400, and one for $140, and electing to take judgment on the note for $2,230, appellant moved the court to enter judgment in its favor for $2,230, interest, and attorney's fees, and for costs. The court refused to enter a default judgment for appellant, as stated, "because of the insufficiency of the citation," and inquired of appellant's attorney if he desired to take any further action in the matter, and on the attorney's reply that he did not, and was waiting for judgment by default, the court rendered judgment dismissing the case at plaintiff's costs.

[1] The assignment claims error in the court's refusal to enter judgment by default in its favor on the note for $2,230, interest, and costs, insisting that the petition and citation were sufficient to demand such judgment. Article 1852, V. S., requires that the citation shall state the nature of the plaintiff's demand. The nature of the demand must be stated sufficiently to notify the defendant of the character of the demand made against him. H. & T. C. R. R. Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808; Loungway v. Hale, 73 Tex. 495, 11 S. W. 537; Blake v. Vesey, 143 S. W. 221; Hinzie v. Kempner, 82 Tex. 617, 18 S. W. 659. While the law does not require the citation to state the cause of action with the same particularity as the petition, it does require that it correctly state the general nature of the

plaintiff's demand without going into details.

[2] The majority are of the opinion that the citation sufficiently states the nature of the plaintiff's demand under the above authorities.

[3] The writer expresses no dissent from that opinion of the majority for the reason that we all concur in the view that, if the citation was fatally defective, the court should not have dismissed the suit, but should have continued the case so that service might be perfected. See Crow v. Cattlemen's Trust Co. (on rehearing) 198 S. W. 1047.

Reversed and remanded.