## DAVIS v. KIDD.
### No. 3983.

Court of Civil Appeals of Texas. Texarkana.
March 26, 1931.

Hamp P. Abney, of Sherman, for plaintiff in error.

Hare & Batsell, of Sherman, for defendant in error.

LEVY, J. (after stating the case as above).

The plaintiff in error insists that under the undisputed evidence the court should have given his requested peremptory instruction to the jury to return a verdict in his favor. The defendant in error answers the contention of the plaintiff in error, in substance, that the deed to William Davis was ineffective because of a condition appearing as a clause in the deed, and that the evidence was such as to authorize the submission of the issues and the findings of the jury. Upon a consideration of the whole instrument in evidence, it is apparent that Mrs. West clearly intended that William Davis should have "a life estate only" in the lands, with reservation for herself of all the rights to the property not expressly vested in said William Davis. In the light of all the recitals of the deed and giving effect to Mrs. West's intention, the word "and" in the condition appearing in the deed should be construed as a clerical error and the word "not" as intended to be used.

It is believed in the evidence that the possession of William Davis of the 128-acre tract was such as to put K. D. Kidd upon notice, but that the possession as to the 100-acre tract, distant some 1¼ miles from the 128-acre tract, was not of that character as to put Mr. Kidd upon notice. In this view, then, the plaintiff in error was not entitled to recover the judgment he did as to the 128-acre tract. He would be entitled to recover,

though, as to the 100-acre tract. Mrs. West having an estate in the 128-acre tract, and having passed same to Mr. Kidd through way of mortgage with power of sale, Mr. Kidd as mortgagee would be entitled to have foreclosure of his lien against her interest and estate in the said tract of land and to have sale of her interest and estate, subject, however, to the life estate and the right of possession in virtue of such life estate of plaintiff in error, William Davis.

The judgment is therefore modified so as to decree in favor of K. D. Kidd foreclosure of the deed of trust lien and sale thereunder upon the 128-acre tract subject to the life estate and the right of possession of William Davis in and to the said 128-acre tract; otherwise the judgment of the district court will be in all things affirmed; costs of appeal to be taxed against the defendant in error, K. D. Kidd.