**STROUP v. RUTHERFORD.**

No. 6130.

Court of Civil Appeals of Texas. Amarillo.
Feb. 19, 1951.

Rehearing Denied March 26, 1951.

Klett, Bean, Evans & Justice, Lubbock, and Weldon F. Johnson, Levelland, for appellant.

Benjamin Kucera, Lubbock, for appellee.

MARTIN, Justice.

Appellant, Mrs. Hulda W. Stroup, executed a chattel mortgage on certain personal property and a deed of trust lien on a tract of land in Comanche County, Texas, to secure J. K. Cawthron in the payment of a note in amount $5,108.95. Cawthron assigned this note and the liens securing the same to appellee, M. M. Rutherford, d/d/a Rutherford Enterprises. On nonpayment of the note, appellee sued appellant to recover the debt and for foreclosure of his chattel mortgage lien and of his deed of trust lien. In the trial court, the parties tried the cause solely on the issue of whether or not the Comanche County land was the homestead of Mrs. Stroup. This issue was found adversely to the appellant.

In appellant's pleading of homestead she alleged incidentally that there was a tenant on the land but that she had reserved a room in the house for her own use. The tenant was not named nor did the tenant file any pleadings in the cause. No issue as to the tenancy was raised in the trial court. Upon the evidence, the trial court granted appellee judgment for his debt and foreclosure of his chattel mortgage lien and of his deed of trust lien on the land in Comanche County, Texas.

Appellant alleges as her only point of error that the tenant as mentioned in appellant's pleading was a necessary and indispensable party to the foreclosure proceedings and that the trial court erred in not requiring the tenant to be made a party.

Appellant cites Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, and like authorities, under her alleged point of error. The Veal v. Thomason cause was a suit in trespass to try title and reveals that the land in issue was subject to a unitized oil and gas lease executed by several parties. These leaseholders were not made parties to the suit. They were held to be necessary parties as owners of the royalty earned in the unitized block. The Veal case, and like rulings, has no application to a suit to foreclose a mortgage lien under the facts shown here.

In the cause here in issue, no personal judgment was sought against the tenant mentioned in appellant's pleadings. The tenant had no equity of redemption. He certainly became such tenant with notice of the deed of trust lien executed by appellant on the 13th day of September, 1947. The tenant was not a necessary party to the foreclosure suit. "The only really necessary party defendant being the owner of the equity of redemption." Davis v. Walker, Tex.Civ.App., 233 S.W. 521, 523; Blake v. Vesey, Tex.Civ.App., 143 S.W. 221; Johnson v. First National Bank of Brenham, Tex.Civ.App., 42 S.W.2d 870, second case; Northern Illinois Finance Corporation v. Sheridan, Tex.Civ.App., 141 S.W.2d 434; Richardson v. Kent, Tex.Civ. App., 21 S.W.2d 72.

Further, appellant testified that her contract with the tenant was an oral contract. Appellant's pleadings and the file date thereon show the tenant on the premises August 22, 1949. There is no further evidence as to the term of such tenancy but a reasonable construction would be that the term was for the crop year of 1949 and that the tenancy terminated December 31, 1949. But, if it is conceded that the tenant went into possession on August 22, 1949, the date of the filing of appellant's amended answer mentioning such tenant, then the tenant's parol contract, under the Statute of Frauds, could not legally extend beyond the date of August 22, 1950. Article 3995, Section 4, R.C.S. It is observed that the trial court's judgment was entered August 10, 1950. Under such facts as are disclosed, the tenant could not have suffered any material injury by the appellee's foreclosure of his deed of trust lien.

The judgment of the trial court is affirmed.