Mallssa E. LEWIS, Appellant,

v.

F. W. WILLIAMS, Appellee.

No. 6905.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 27, 1956.

Eldred Smith, Longview, for appellant.

R. L. Whitehead, Longview, for appellee.

DAVIS, Justice.

On or about October 23, 1953, appellee sold appellant a lot in the City of Longview.

On or about May 5, 1954, appellant entered into an agreement with appellee to construct a frame residence upon said lot. It was understood at the time that appellant was possessed of sufficient materials and finances to build a house and was to pay appellee a set fee to supervise the construction of same. Soon after construction was commenced, appellant ran out of funds and on or about June 22, 1954, executed to appellee a warranty deed to said lot so that he could use the same in securing a loan to complete the house. A loan in the sum of $1,000 was secured (the house being a small three-room house) and appellee executed to the party from whom the loan was secured a deed of trust upon said lot and improvements. The payments were to be $50 per month, and after the house was completed was to be made by appellant to the party making the loan. After the house was completed appellant moved in, made four partial payments and then defaulted.

It was agreed and understood between appellant and appellee that the deed from appellant to appellee was to constitute a mortgage to secure appellee for funds he had advanced plus the fee he was to receive for supervising the building of the house, and so he could use the deed to borrow additional funds. These facts were not known to the party who made the $1,000 loan and accepted the deed of trust. After the appellant defaulted, not only in payment of the deed of trust note, but also in the repayment of sums advanced by appellee, appellee filed suit to foreclose his lien.

Trial was to the court without a jury, who, after overruling a motion to grant a mistrial on the ground that the deed of trust lienholder was an indispensable party to the suit, rendered judgment for appellee, impliedly finding, and correctly so, that the deed of trust lien was a superior lien to that of appellee and that the holder of such lien was not a necessary party to the suit.

Appellant brings forward two points of error, both of which complain of the action of the trial court in refusing to

declare a mistrial and to grant a motion for new trial on the ground that the deed of trust lienholder was a necessary and indispensable party to the suit. The evidence in the case is sufficient to show that the holder of the deed of trust lien had a superior lien to that of appellee. The evidence clearly shows that the holder of the deed of trust lien did not know anything about the agreement that the warranty deed from appellant to appellee was to constitute a mortgage. This being the case, the following authorities are applicable: 29 Tex.Jur. 853, sec. 48, and authorities therein cited; J. M. Radford Grocery Co. v. Citizens' Nat'l Bank of Odessa, Tex.Civ.App., 37 S.W.2d 1080, writ. dism.; Davis v. Kidd, Tex.Civ. App., 37 S.W.2d 261, no writ history; Stroup v. Rutherford, Tex.Civ.App., 238 S.W.2d 612, writ ref. The points are overruled.

Finding no error in the record, the judgment of the trial court is affirmed.